Edward Gilkey v. Hervey M. Hamilton, Administra-- tor, and Hannah M. Hamilton, Administratrix, of Harvey Hamilton.

*Administrator: Title by relation; Estoppel.* Under our probate system, an admin-- istrator is a mere officer of the law; and though his title to the assets of the· estate relates back to the death of the intestate, yet it is an official title, which cannot be affected, to the prejudice of the estate, by any acts of his prior to his appointment; nor will his title be affected by any estoppel, that does not rest on equities against the estate.

*Heard January 11. Decided January 12.*

Error to Kalamazoo Circuit.

The plaintiffs below, as administrators of the estate of Harvey Hamilton, brought their action in the Circuit Court of the County of Kalamazoo against Edward Gilkey, of replevin for a horse, which belonged to their intestate at the time of his death. The plaintiffs, who are respectively the son and wife of Harvey Hamilton, subsequent to the death of Hamilton and prior to the issuing of· letters of administration to them, had delivered the horse to an agent with instructions to sell or dispose of him. Under these· instructions the agent transferred the horse to defendant. Gilkey, who claimed that the transaction was a valid sale, and refused to deliver the horse to the plaintiffs when demanded by them after they had received their letters of administration. On the trial the court excluded all evidence of the instructions by the plaintiffs relative to the sale or transfer of the horse, prior to their appointment as administrators; and, under the charge of the court, they had a verdict and judgment, which the defendant, Gilkey, brings into this court for review.

*Arthur Brown* and *D. D. Hughes,* for plaintiff in error.

I. The plaintiff in error claims: That by all authorities, English and American, the title of an administrator

to property of his intestate relates back and takes effect from the date of the death of the intestate.—*Babcock v. Booth*, 2 *Hill*, 181; *Valentine v. Jackson*, 9. *Wend.*, 302; *Rattoon v. Overacker*, 8 *Johns.*, 126; *Rockwell v. Saunders*, 19 *Barb.*, 473; *Bellinger v. Ford*, 21 *Barb.*, 311–315; *Mayner v. Ryan*, 19 *Mo.*, 196; *Walker v. May*, 2 *Hill Ch.* (*S. Car.*), 23; *Giles v. Churchill*, 5 *N. H.*, 337; *Lawrence v. Wright*, 23 *Pick.*, 128; *Whit v. Ray*, 4 *Ired.*, 14; *Vroom v. Van Horn*, 10 *Paige Ch.*, 557; 2 *Kent*, 413 (*n. a.*), quoting *Year Book 36 Henry VI., Vol.* 7; *Whitehall v. Squire*, 1 *Salkeld*, 296; *Thorpe v. Stallwood*, 5 *M. & G.*, 760; *Foster v. Bates*, 12 *M. & W.*, 226; *Bulst.*, 268. The above rule prevails not only in courts of states from which we have quoted decisions, but is established in Michigan.— *Cullen v. O'Hara*, 4 *Mich.*, 138; *Morton v. Preston*, 18 *Mich.*, 71.

II. For what purposes does the title vest in administrator as of the time of the death of intestate? We say, if it relates back for one purpose, it must for all purposes; if for the protection of one party, it must for the protection of the other.

In the Circuit Court the plaintiffs claimed that the doctrine applied as to maintaining actions, but not as to assisting defense; that it is true in order to protect the estate, but not for any other purpose. The only case cited in support of this doctrine, is *Morgan v. Thomas*, 8 *Exchequer*, 308; and in that case the facts did not warrant any opinion on that question.

What is meant by the phrase, that the letters relate back to the death of testator "*for the protection of estate only,*" as carelessly used by some writers, and in one case? This must be understood to include all acts which, from their nature, may result in benefit to the estate,—acts which an administrator may lawfully do, as anything tending towards

GILKEY *v.* HAMILTON.

the settlement of the estate.—*Dayton on Surrogates, 255 ; Leber v. Kauffelt, 5 M. & S., 440–5.*

III. The true rule is, that "the taking out letters of administration legalizes all acts of administrator for which he would otherwise have been liable as executor *de son tort*."—*Alvord v. Marsh, 12 Allen, 603.* This rule protects those who honestly deal with administrators, as well as the administrators themselves, legalizing all sales made by them, and other acts against as well as for them.—*Priest v. Watkins, 2 Hill, 225 ; Vroom v. Van Horn, 10 Paige Ch., 558 ; Walker v. May, 2 Hill (S. C.), 23 ; Witt v. Elmore, 2 Bailey, 595–7 ; Giles v. Churchill, 5 N. H., 337 ; Dayton on Surrogates, 255.*

IV. The plaintiffs are estopped from disputing their own direct act in selling property, and from denying title to property sold by them.—*2 Hill, 225 ; 10 Paige, 557.* It is the universal rule of estoppel, that a man is precluded from denying his own action. The estate cannot be injured, as the bond of the administrator likewise relates back to the time of intestate's death ; and principal and sureties thereto are all liable for the acts of administrator in settlement of estate before the date of their appointment.—*Gottsberger v. Taylor, 19 N. Y., 150 ; Dayton on Surrogates, 255.*

*H. F. Severens,* for defendant in error, was stopped by the court.

COOLEY, J.

This case presents the question whether, where one interferes with the property of a deceased person and sells a portion thereof without right, and is afterwards appointed administrator on the estate of such deceased person, he will be estopped by his prior acts from recovering the property for the estate.

GILKEY v. HAMILTON.

The plaintiff in error insists that he is; and he calls our attention to a considerable list of judicial decisions in which it has been held, that when one is appointed administrator on the estate of a deceased person, his title relates back to, and takes effect from, the date of the death of the intestate. And the inference he deduces from these cases is, that the legal effect of whatever is done by the person thus appointed intermediate the death of the intestate and his own appointment, is precisely the same as though he had held letters of administration at that time.

The doctrine of relation is a familiar and important one, and, indeed, is quite necessary to the protection of the interests of the estate. But this necessity is the reason upon which it rests, and it is no part of its purpose to legalize lawless acts which may, and generally would, work the estate a prejudice.

Under our probate system, an administrator is a mere officer of the law, who has title to the assets for the purpose of collecting and disposing of the same for the benefit of creditors and the next of kin. When he receives his letters, his title is correctly said to relate back to the death of the intestate; but it is an official title, and his being clothed with it cannot make good the prior acts which he has not assumed to do officially, but in a different capacity from that in which he is now acting. One man appointed administrator cannot have less power than any other man would have had if he had received the same appointment; the force and effect of his letters cannot be limited and restrained by his previous acts in his private character, any more than the official authority of a sheriff or any other public officer can be limited and restrained by what he may have done as an individual previous to his election. On his appointment, the administrator becomes vested officially, and for the purposes of the trust, with all such

GILKEY v. HAMILTON.

title as his intestate had to the personalty at his death; and he is neither obliged to, nor has he the right, to recognize, validate, and bind the estate by the unauthorized acts which have been done to the prejudice of the estate by any one while the title was in abeyance.

The doctrine of *executor de son tort* is alluded to as having some bearing, but it is a doctrine not permissible in our system. Our law looks to the interest of the estate, and employs the administrator as a mere instrument to guard, defend, and advance that interest. To apply the doctrine of estoppel as between the administrator and one whom, as an individual, he may have dealt with improperly, would be to treat the administrator as more important than the estate,—the agent as more important than the principal,—the instrument as more to be regarded than the object to accomplish which the instrument is created. In truth, the administrator is merely the representative of the estate; the estate, in his person, is the party to the contracts he makes and the suits he brings; and to make the doctrine of estoppel applicable, it must be shown that the equities it rests upon are equities against the estate. But certainly there is nothing in the fact that a man is appointed administrator, who has previously misconducted himself, which can justly raise against the estate any equities, or which can justly deprive the creditors or next of kin of any of their rights in its assets.

We do not deem it necessary to examine this subject in detail, because we regard the previous decisions in *Cullen v. O'Hara, 4 Mich., 138, and Morton v. Preston, 18 Mich., 71,* as conclusive upon it; and we have only alluded in very general terms to what seem to us the obvious reasons on which those cases rest.

The judgment must be affirmed, with costs.

The other Justices concurred.