## John W. Hollowell, Administrator, etc. v. Frederick W. Cole.

*Who authorized to collect claim in favor of decedent.* A son and sole heir of a decedent, upon whose estate an administrator has been appointed and qualified and has not been discharged, has no authority to enforce collection in his own name, of a claim which had existed in favor of said decedent during her lifetime, against the estate of another decedent.—*Gilkey v. Hamilton, 22 Mich., 283; Morton v. Preston, 18 Mich., 71.*

*Heard and decided July 12.*

Error to St. Joseph Circuit.

Frederick W. Cole, a minor, by his guardian, Edwin H. Lothrop, presented a claim against the estate of Norman A. Cole, deceased, to the commissioners to receive, examine and adjust claims against said estate, which was disallowed by them, whereupon he appealed the matter to the circuit court for St. Joseph county. Pending said appeal, said appellant came of age, and thenceforth prosecuted said suit in his own name.

The circuit judge found as facts, among other things, that the claim thus presented was a claim which had existed during her lifetime in favor of Jane A. Cole, who was the wife of said Norman A. Cole, and the mother of said Frederick W. Cole; that the said Jane A. Cole died in the year 1852, leaving her husband, said Norman A. Cole, and two infant children, one of whom was said Frederick W. Cole, surviving her; that on May 28, 1869, said Norman A. Cole and one of said children died, leaving said Frederick W. Cole surviving as the only heir of said Jane A. Cole, deceased; that in October, 1869, an administrator was appointed by the probate court of said St. Joseph county, on the estate of said Jane A. Cole, deceased, who has qualified and is still nominally in the discharge of his

25 MICH.—44.

trust, but that no commissioners have been appointed to hear claims against said estate, and no claims have been presented against said estate, nor does said administrator know of any.

As conclusions of law, said circuit judge found, among other things, as follows, viz.:

" 1. In this case, under the circumstances, it is presumed that the mother of the appellee did not owe any debts at her decease, and no commissioners on her estate were necessary.

" 2. That the appellee had the right to present, and the commissioners in the estate of Norman A. Cole, deceased, the power to hear any claims he may have had against the same, whether legal or equitable.

" 3. That under the law and the facts, the appellee is entitled to recover against the estate of Norman A. Cole, deceased, the sum of five hundred dollars and interest thereon, at the rate of seven per cent. per annum, from the 13th day of November, A. D. 1848, which, on the 13th day of November, 1871, twenty-three years, would amount to one thousand three hundred and five dollars, and let it be so certified to the probate court for the county of St. Joseph.    And also the appellee is entitled to recover, against the appellant estate, his costs to be taxed, and let judgment for costs in this case be entered in his favor."

Hollowell, the administrator upon the estate of said Norman A. Cole, deceased, brings the cause to this court upon writ of error.

*O. F. Bean* and *H. F. Severens,* for plaintiff in error, were stopped by the court.

*H. H. Riley,* for defendant in error.

THE COURT held that the defendant in error was not the legal representative of his mother's personal estate, and had no authority to present and collect the claim. The administrator upon his mother's estate was the only competent person to enforce such claim.

Judgment below reversed, with costs.