### NANCY M. PALMER v. JOHN H. PALMER.

*Right to personalty of intestate estate.*

1. A general administrator is entitled to the possession and control of all the personalty, including money and securities, of which his intestate died in possession; and this includes property covered by a bill of sale from him, but never delivered.

2. The general administrator only can bring suit for personal property belonging to the estate of his intestate, until the probate court has determined to whom the title or possession belongs.

Error to Kalamazoo.   (Mills, J.)   Oct. 21.—Nov. 19.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Edwin M. Irish* for appellant.

*Ed. J. Anderson* and *Phil Padgham* for appellee.

SHERWOOD, J.   Paul Palmer died on the 3d day of April, 1883.   On the 7th of April, 1880, he made and executed a bill of sale to the defendant, reading as follows:

"Know all men by these presents, that for and in consideration of the sum of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, and also for the further consideration of the natural love and affection I have for my son, John H. Palmer, I do hereby sell, assign, transfer and set over unto the said John H. Palmer all my right, title and interest in and to all personal property of whatever name and nature I am possessed of as owner, hereby intend-

ing to convey all money, notes, credits and personal property of every kind, reserving, however, to myself and to my wife, Nancy M. Palmer, if she survive me, and until the date of my death, and unto my said wife, until the date of her death, if she survive me, the full control, use and benefit of the same during the natural life-times of myself and my said wife, for our mutual support and maintenance. Hereby meaning to convey to my said son all of said property, subject, however, to the use of the same during our life-times as above reserved.

In witness whereunto I hereto subscribe my name this 7th day of April, A. D. 1880.          PAUL PALMER.

In presence of
OGDEN TOMLINSON.
M. F. JOSTLYN."

Paul Palmer, at the time this bill of sale was executed, had about $2000 worth of property. About a year before his death he purchased a mortgage of $800. Soon after the death of Paul the maker of the mortgage paid the same, amounting to $863, sixty-three dollars of which was received by the plaintiff and $800 by the defendant, and both parties joined in a discharge. Four hundred dollars of this eight hundred, defendant, after its receipt, loaned out on a mortgage. On the 18th day of June, 1883, the plaintiff demanded the money sued for, of the defendant. He then made application for the appointment of an administrator on his father's estate, and he was appointed special administrator on the 30th of June thereafter.

A general administrator was appointed on the 6th of August, 1883, and the account of the special administrator was settled and he discharged on the 17th of September following. After an administrator was appointed, and before bringing suit, plaintiff several times made demand for the $800 of defendant, but he refused to pay her, and turned over the mortgage and the balance in money to the administrator.

On the 21st of August plaintiff brought this suit, claiming that the money was the proceeds of property owned by her husband on the 7th of August, 1880, and that as such she was

entitled to the $800 under the reservation clause contained in the bill of sale from Paul to his son, above mentioned.

The case was tried at the Kalamazoo circuit, and under the direction of the court the jury rendered their verdict for the plaintiff. The defendant brings error.

This judgment cannot be sustained. The record does not show that the property mentioned in the bill of sale was ever delivered to either of the parties before the death of Paul, but on the contrary it appears that he had the possession and control of the same until he died, the plaintiff merely having the charge thereof for the deceased. Under such circumstances, after the appointment of the administrator, no other person was entitled to the custody or control thereof; neither could any other person sue for the same until the title thereto or the possession thereof had been determined by the judge of probate.

It appears from the record that, when the dispute arose as to the ownership or possession of the property sued for, the defendant turned it over to the custody of the administrator. Such was his legal duty, and he could not be made liable for the same until the judge of probate determined by his decree to whom the property belonged, and who was rightfully entitled to the possession thereof. The other questions raised are not properly before us for discussion.

The judgment must be reversed and a new trial granted.

The other Justices concurred.