ALBERT MILLER AND LUTHER BECKWITH v. JAMES CLARK AND GEORGE CARLYLE.

*Ejectment—Foreclosure at law—Transfer of administrator's title—Good faith —Color of title.*

1. Foreclosures by advertisement must comply substantially with statutory requirements.

2. The mortgage assignments which must be recorded before the mortgage can be foreclosed at law (How. Stat. § 8498) are those only that are voluntary; such transfers as result from the operation of law need not be recorded. The executor or administrator of an owner of a mortgage can therefore execute the power of sale as owner of the legal title therein.

3. Title to an intestate's personalty remains in abeyance until administration on his estate is granted, and it then vests in the administrator as of the date of his death. It cannot vest in next of kin until administration has been had, when they take, under the Statute of Distribution, what is left after payment of debts and expenses. Until then, the heirs and next of kin, though they have a right to a distributive share, have no right to possession of anything.

4. A man died and some time afterwards his wife, leaving minor children. Both were intestate. By probate order the husband's admin-

56 MICH.—22

| 56 | 337 |
| 62 | 356 |

| 56 | 337 |
| 88 | 147 |

| 56 | 337 |
| 106 | 303 |

| 56 | 337 |
| 113 | 437 |

| 56 | 337 |
| 123 | 188 |

| 56 | 337 |
| s23NW | 35 |
| 131 | 4602 |

| 56 | 337 |
| 157 | 53 |

istrator assigned the inventoried personalty to the widow; but a note and mortgage belonging to the husband had not been mentioned in the inventory, and he never assigned his title to it. After the wife's death the children's guardian foreclosed the mortgage and the property was sold. *Held*, that in ejectment against the purchaser's grantees the sheriff's deed was inadmissible as showing either title or color of title. But the purchaser's good faith was a question for the jury, to be determined in the light of all the circumstances, including his subsequent dealings with the premises. And if not found defendant could not recover the value of improvements.

5. Where writs of error are taken out by the opposing parties in the same case, and their several bills of exceptions are signed by the trial judge at the same time, such bills are to be treated as of equal verity, and if they conflict as to a particular point the appellate court may properly refuse to pass upon it.

6. What constitutes color of title in a particular case is a question of law for the court.

7. A foreclosure purchaser is not to be charged as a purchaser in bad faith merely because he buys with notice of an outstanding title derived from the mortgager himself.

Error to Bay. (Green, J.) Jan. 22.—April 15.

EJECTMENT. Defendants bring error. Affirmed.

*Shepard & Lyon* for appellant Clark, cited as to the vesting of title to a mortgage in heirs without an assignment from the probate court, *Sutphen v. Ellis* 35 Mich. 447; *Eberstein v. Camp* 37 Mich. 176; *Kennedy v. Shaw*, 43 Mich. 359; *Brown v. Forsche*, 43 Mich. 492; *Babbitt v. Bowen* 32 Vt. 437; *Hibbard v. Kent* 15 N. H. 516; *Carter v. Owens* 41 Ala. 217; *Walworth v. Abel* 52 Penn. St. 370; as to colorable title, see *Jackson v. Newton* 18 Johns. 355; *Northrop v. Wright* 7 Hill 476; *Burkhalter v. Edwards* 16 Ga. 593; *Den v. Putney* 3 Murph. 562; *Munro v. Merchant* 28 N. Y. 9; *Collins v. Smith* 18 Ill. 160; *Hoffman v. Harrington* 28 Mich. 92.

*Luther Beckwith* for appellees.

CHAMPLIN, J. Plaintiffs brought ejectment to recover the premises known as lot numbered 12, in block numbered 72, in that part of Bay City, which was formerly Lower Saginaw, according to the plat of Lower Saginaw, in Bay county,

Michigan. They claim title in fee. The defense was the general issue, and claim for compensation for improvements under Comp. L. (1871), § 6252 as amended in 1875. The plaintiffs filed a request that the jury should find the value of the premises at the time of trial, if no buildings had been erected, or improvements made, or waste committed. The jury found a verdict for the plaintiffs, and also found that the defendants occupied the premises under color of title and in good faith, and that the value thereof was enhanced by reason of the improvements placed thereon by defendant James Clark the sum of $800, and that the value of the premises without such improvements is $2200. Judgment was thereupon entered for plaintiffs for the recovery of the premises. Both parties have sued out writs of error.

The parties claim to derive title from a common source. John Heintzman was the owner of the land in question on the 25th of September, 1857, and plaintiffs derive their title through mesne conveyances from him. The defendants put in evidence the record of a mortgage from John Heintzman and wife to Louis Heintzman, dated February 5, 1855, and recorded April 28, 1855, purporting to secure the payment of a promissory note for $385.50, and covering the property in question. Louis Heintzman, after giving this mortgage, and prior to 1865, died intestate. The record does not disclose the year of his death, but it appears that Albert Miller was appointed administrator, and qualified as such. Appraisers were appointed and one inventory made. The note and mortgage were not included in such inventory, and it is not claimed that they came to the hands of the administrator. There was only a small amount of indebtedness due from the estate, which was paid by the widow, and the probate court thereupon made an order assigning to the widow all the personal property mentioned in the inventory, and the use of the real estate, in consideration of her supporting the minor heirs, of whom there were two. No further proceedings were had by the administrator, except to turn over to the widow the property in his hands. No final account was rendered by him, and he never was discharged from his trust by

the probate court. About a year after the order was made by the probate court the widow died, leaving no debts, and no administration was had upon her estate.

In 1865 Appleton Stevens was appointed by the probate court guardian of the minor heirs of Louis Heintzman, and who were also the sole surviving heirs of Mrs. Heintzman. Stevens, after being appointed guardian, applied to Miller, the administrator, and inquired with reference to this mortgage. Miller informed him that he made no claim thereto, and thereupon Stevens, as such guardian, proceeded to foreclose the mortgage by advertisement, signing the notice as guardian of the two minor heirs, naming them as the sole heirs at law of Louis Heintzman, deceased. Pursuant to this notice a sale was had, and the premises were bid off by Benjamin Beckwith for $850, to whom a deed was executed by the sheriff. The deed was filed with the register pursuant to law, and no one redeemed from such sale. The purchaser entered into possession, built a fence, and paid taxes, and the defendant Clark claims through such purchaser. The sheriff's deed bears date September 7, 1867, and was recorded September 9, 1868. The defendant offered this deed in evidence, to which the counsel for plaintiffs objected, because it was foreclosed by Appleton Stevens as guardian, and no record of any assignment of the mortgage to him appears. The court sustained the objection.

The mortgage which it is claimed was foreclosed by advertisement is not given in the record, but we presume that it contained the usual power of sale. The authority to foreclose such mortgages by advertisement is purely statutory, and all the requirements of the statute must be substantially complied with. To entitle a party to foreclose in this manner it is required, among other things, " that the mortgage containing such power of sale has been duly recorded ; and if it shall have been assigned, that all the assignments thereof shall have been recorded." And also that the notice shall specify " the names of the mortgagor and of the mortgagee, and the assignee of the mortgage, if any."

The assignments which are required to be recorded are

those which are executed by the voluntary act of the party, and this does not apply to cases where the title is transferred by operation of law ; the object of the statute being to restrict the execution of the power to the owner of the legal title to the instrument. Hence the executor or administrator of the owner of the mortgage can, as owner of the legal title, execute the power, and can proceed in this manner to foreclose the mortgage. *Lee v. Clary* 38 Mich. 223 ; *Niles v. Ransford* 1 Mich. 338.

In this case the legal title to the mortgage vested in Albert Miller as administrator of the estate of Louis Heintzman, deceased; and he has never transferred it to any other person. The order of the probate court was confined to the property mentioned in the inventory, and neither the mortgage nor the note was delivered by the administrator to the widow pursuant to the order. It does not appear that the legal title to the note or the mortgage ever passed to Appleton Stevens as guardian. It is claimed, however, by defendant that the debts of Louis Heintzman being fully paid, the title to the note and mortgage descended to and vested in his heirs, under the statute relating to the administration and distribution of estates of intestates, and that, the widow dying, the share which was distributable to her also became vested in the children ; that the administrator only had the right to the possession of the assets for the purpose of administration, and when that was accomplished his right to the possession ceased ; that such personal property as he never had actual possession of passed, together with the title thereto, to the heirs at law. But the contrary view has been held by this Court. • No title vests in the next of kin until the estate has been administered upon, and then they take the surplus remaining, after payment of debts and expenses of administration, under the Statute of Distributions. Until then the heir or next of kin, although having a right to a distributive share, has no right to the possession of either the whole or any specific portion of the personal property. When a man dies intestate the title of his personal property remains in abeyance until administration is granted upon his estate,

and then vests in the administrator as of the time of his death. *Cullen v. O'Hara* 4 Mich. 132 ; *Morton v. Preston* 18 Mich. 71 ; *Gilkey v. Hamilton* 22 Mich. 283. The same principle was applied in the case of *Hollowell v. Cole* 25 Mich. 345.

There was no error in excluding the sheriff's deed based upon this foreclosure. To support his claim for improvements, and to show that he entered into possession under color of title, the defendant Clark offered in evidence the sheriff's deed and the record thereof, also the certificates and affidavits thereto attached, together with certain mesne conveyances from Beckwith to the defendant, which deeds were admitted in evidence, without objection, for the purpose of showing color of title. He also introduced in evidence certain tax titles under which he claimed, and after showing the nature and value of the improvements made by him, he rested his case. The plaintiff then produced evidence tending to show the invalidity of the tax deeds, and under the charge of the court the jury found them invalid.

Both parties to this issue have filed bills of exceptions, and there appears to be some discrepancy between them. For instance, the defendants' bill shows that no objection was made to the introduction of the sheriff's deed for the purpose of showing color of title, while the plaintiffs' bill states that plaintiffs objected to its admission as irrelevant, and that it was not received as evidence of title, but was received as evidence of color of title, and that plaintiffs excepted to the ruling. Both bills are verified by the signature of the circuit judge, upon the same day, and are entitled to equal verity. We might therefore well refuse to pass upon this objection.

What constitutes color of title is a question of law for the court. The phrase has been variously defined by eminent judges, but by none more accurately than by Judge Daniel, of the Supreme Court of the United States, in *Wright v. Mattison* 18 How. 56. He says: "The courts have concurred, it is believed, without an exception, in defining color of title to be that which in appearance is title, but which in reality is no title." In Sedgw. & Wait on Trial of Title to

Land the authors have collected in chapter 30 the learning upon this subject, and it is not necessary to review the authorities here, as within all of them the deed offered in evidence was admissible for the purpose of showing that defendants' occupancy was under color of title. In *Hoffman v. Harrington* 28 Mich. 92, it was held that a tax deed, although void, afforded color of title to one who had gone into possession of land thereunder.

The circuit judge charged the jury that "if they found for the plaintiffs, then they were called upon to determine whether the defendant Clark was a purchaser in good faith; and that it is a well-established rule that if one purchases a speculative title, knowing or having notice of an outstanding title, he cannot be a purchaser in good faith; that if Dr. Clark was informed of that outstanding title, and he neglected to make the inquiry that a prudent man ought to make, in order to satisfy himself whether it was a valid title, he cannot be regarded as a purchaser in good faith when that title is established. If a man, knowing that another is the real owner of a property, purchase some color of title and goes on and make improvements, he does that at his own risk; he takes his chances. If he paid some small portion of the value of the property and gets color of title, and goes in under that color of title, and makes improvements, if the real owner within a reasonable time commences an action against him, it is not right he should claim the value of his improvements, or the amount which his improvements may happen to enhance the value of the property."

The learned judge then called the attention of the jury to the evidence, as bearing upon the good faith of the defendant Clark in making the purchase and in erecting a building on the premises, and then left it with the jury to say whether he had acted in bad faith, or had neglected to take any step which he ought to have taken; and instructed them that if they were satisfied that defendant Clark did purchase in good faith, then he was entitled to have the jury estimate the amount which his improvements there had enhanced the value of that lot; and if he was not a purchaser in good faith,

he was not entitled to anything. We observe no error in the charge of the court upon this branch of the case. The question of good faith was a proper one to be submitted to the jury under all the evidence in the case bearing upon that subject. *Molitor v. Robinson* 40 Mich. 200; *Wright v. Mattison* 18 How. 50; *Woodward v. Blanchard* 16 Ill. 424; *Shackleford v. Bailey* 35 Ill. 387; *Blanchard v. Pratt* 37 Ill. 243.

The plaintiffs, however, insist that the evidence upon this question of good faith, the whole of which is returned in the bill of exceptions, showed conclusively that defendant Clark was not a good-faith purchaser or occupier of the premises, for the reason that he had actual information of the outstanding title, and also record notice of the same. These facts would not necessarily make him a purchaser mala fide. Both parties claimed title through a common source; and it would be going very far to say that a purchaser in a chain of title based upon a foreclosure of a mortgage which might ultimately prove defective, must be conclusively presumed to be a purchaser in bad faith as against a title derived from conveyances by deed from the mortgagor. The question of good faith is one of fact to be determined from all the circumstances. In this case it was proper for the jury to consider the fact that the purchaser under the foreclosure went into possession and built a fence upon the premises; paid the taxes for a time; the neglect of the holder of the original title to assert any claim or pay taxes; the amount paid on the purchase, and the efforts he made to investigate the title; and any other fact which would throw light upon the bona fides of the occupant making claim for improvements.

The judgment must be affirmed, but without costs to either party in this Court. The record will be remanded to the court below for such further action as the parties may see fit to take.

The other Justices concurred.