MORRIS v. VYSE.[1]

1. TRUSTS—CONSTRUCTIVE TRUST—WHAT CONSTITUTES.

In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, undue influence, duress, taking advantage of one's weakness or necessities, or any other similar means, or under any other similar circumstances, which render it unconscionable for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may perhaps never have had any legal estate therein; and a court of equity has jurisdiction to reach the property, either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser in good faith and without notice acquires a higher right, and takes the property relieved from the trust.

2. SAME—BILL TO IMPRESS TRUST—SUFFICIENCY.

A bill alleging that defendant V. paid for certain real estate with money she obtained fraudulently from complainant's intestate, and caused the title to be placed in the names of the other defendants, her mother and sister, and that they have no actual interest in the real estate, but are holding it for the use and benefit of V., in furtherance of her scheme of fraud, sufficiently avers fraud to confer jurisdiction upon equity, though there is no averment of the insolvency of V.

3. SAME—JURISDICTION—NONRESIDENTS.

The real estate being situated in this State, our courts have jurisdiction (section 434, 1 Comp. Laws), though the fraudulent procurement of the money occurred in another State, in which complainant's intestate resided at the time of his death, and complainant and defendant V. are resident there.

4. EXECUTORS AND ADMINISTRATORS— ACTION — BILL TO IMPRESS TRUST—CAPACITY TO SUE.

A bill to impress a trust upon real estate purchased with money fraudulently obtained from a person since deceased is properly brought by the defrauded person's administrator.

Appeal from Wayne; Hosmer, J. Submitted June 17, 1908. (Docket No. 38.) Decided September 15, 1908.

---

[1] Rehearing denied November 30, 1908.

Bill by Joseph C. Morris, administrator de bonis non of the estate of Charles L. Fish, deceased, against Tillie Vyse, Maud A. Kuhn, and Mary A. Richards to impress a trust upon certain real estate, and for an accounting. From an order sustaining the demurrer of defendants Kuhn and Richards, complainant appeals. Reversed and remanded.

*Dickinson, Stevenson, Cullen, Warren & Butzel*, for complainant.

*Wilkinson & Younglove*, for defendants.

MOORE, J. The defendants Kuhn and Richards demurred to complainant's bill of complaint. The court sustained the demurrer, and dismissed the bill as to them. The case is brought here by appeal.

The bill of complaint avers, in substance, that Charles L. Fish, a resident of Cleveland, upwards of 84 years of age, died in March, 1903, and the appointment of complainant as administrator by the probate court for the county of Wayne, Mich. It avers that in November, 1902, the defendant Tillie Vyse, by fraud, artifice, and the exercise of undue influence, obtained from Charles L. Fish the sum of $11,000. The bill details the representations that it is claimed were falsely made. It avers that thereafter Tillie Vyse brought the money to Detroit, and bought therewith real estate, the title to one piece of which she caused to be placed in the name of her sister, and the title to another piece in the name of her mother. It also avers that said Tillie Vyse, by means of fraud and artifice, obtained from Charles L. Fish the further sum of $5,000, which she brought to Detroit, and deposited in her own name in the bank, the name or names of which the complainant is unable to give. The bill further states as follows:

"(10) That the said Mary A. Richards and Maud A. Kuhn have no actual interest in said real estate, but, as your orator is informed and believes, and therefore

alleges, are holding the same for the use and benefit of the said Tillie Vyse, and in furtherance of the perpetuation of the fraud practiced by the said Tillie Vyse upon said Charles Charles L. Fish, by means of which she obtained the money aforesaid.

" (11) That your orator is without adequate remedy, except in this court of equity, and he therefore prays that the said Tillie Vyse, Mary A. Richards, and Maud A. Kuhn be made parties defendant to this his bill of complaint, and required to appear and answer the same without oath, their answer on oath being hereby expressly waived, and that your orator may be granted relief herein as follows:

" (*a*) That the said Tillie Vyse may be decreed by this court to hold such moneys fraudulently obtained, as have not been used in the purchase of said real estate, in trust for your orator as administrator of said estate, and that said Tillie Vyse be decreed to be trustee thereof for the use and benefit of your orator; and that said Tillie Vyse may be required, by a decree of this court, to pay such money, with interest thereon, to your orator as administrator of said estate.

" (*b*) That the title to the real estate hereinbefore described be impressed with a trust in favor of your orator, as administrator of the estate of the said Charles L. Fish, deceased, and that the said defendants Mary A. Richards and Maud A. Kuhn may be adjudged and decreed to hold said real estate in trust for your orator, as administrator of said estate, to the extent of the money fraudulently received by the said Tillie Vyse from the said Charles L. Fish, deceased, and invested in the purchase thereof, and that such real estate, so purchased by said Tillie Vyse in the name of Mary A. Richards and Maud A. Kuhn, may be sold, and out of the proceeds of the sale your orator paid the amount of money belonging to the said Charles L. Fish so invested in said property.

" (*c*) That your orator may have such other and further relief in the premises as shall be agreeable to equity and good conscience."

The only averment of fraud as to defendants Richards and Kuhn is as above stated. The bill of complaint does not aver that Tillie Vyse is pecuniarily irresponsible. The defendants Kuhn and Richards demurred to the bill for the following reasons:

"(1) That the act charged in the bill of complaint, and on which said bill is based, occurred without the State of Michigan, and that complainant's intestate was a resident of Cleveland, Ohio, at the time of his death, and that his administrator is a resident of Cleveland, Ohio; that the said Tillie Vyse, against whom all of the wrongs in said bill complained of are charged, is a resident of Cleveland, Ohio, and that the courts of this State have no jurisdiction in the matter.

"(2) That there is no wrong charged against these defendants, nor any such relief sought, as a court of equity should grant.

"(3) That complainant has an adequate remedy in a court of law.

"(4) That said bill does not set forth sufficient facts to entitle complainant to the relief prayed for against them in a court of equity.

"(5) That the complainant is not a proper person to complain of the facts alleged in said bill."

A demurrer having been interposed to the bill of complaint, its averments must be taken as true.

Reasons 1 and 3 may be considered together, as they are so argued by the solicitors for defendants. (1) Have the courts in this State no jurisdiction in the matter? (3) Has the complainant an adequate remedy at law? It is insisted by the solicitors for the defendants that, as to defendants Kuhn and Richards, there is no charge that the money was procured by fraud, or that they knew at the time, or have known at any time since, that duress, fraud, or undue influence were exerted upon said Fish for the purpose of procuring the property, or that the said Vyse, having, as it is claimed by complainant, procured the property, did anything other than purchase the property in the name of these defendants, she (the said Tillie Vyse), and not the defendants herein, having, by the allegations of the bill, purchased the property; and that, as there is no averment of insolvency of Tillie Vyse, that the complainant has an adequate remedy at law, and that the remedy of complainant, if he has any, is peculiarly within the province of the law side of the court. Quotations are

freely made from the decisions of this court, which, it is claimed, sustain the contention. The trouble with this contention, we think, grows out of the assumption that fraud is not brought home to the defendants Kuhn and Richards. It is true they are not charged with being parties to the fraud in procuring the money from Mr. Fish, but it is charged in the bill that Tillie Vyse paid for the real estate with the money she had obtained fraudulently, and caused the title to be placed in the name of her mother and sister, and that they have no actual interest in the real estate, but "are holding the same for the use and benefit of the said Tillie Vyse, and in furtherance of the perpetuation of the fraud practiced by the said Tillie Vyse upon the said Charles L. Fish, by means of which, she obtained the money aforesaid." We think this a sufficient averment of fraud to confer upon the equity court jurisdiction.

The bill charges fraud and undue influence, and seeks to trace and recover specific property held in perpetuation of the fraud.

"In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means, or under any other similar circumstances, which render it unconscionable for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property, either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust. The forms and varieties of these trusts, which are terms 'ex maleficio' or 'ex delicto,' are practically without limit. The principle is applied wherever it is necessary for the obtaining of complete justice, although the law may also give the remedy

of damages against the wrongdoer." 3 Pomeroy on Equity Jurisprudence (3d Ed.), § 1053.

See, also, *Tompkins* v. *Hollister*, 60 Mich. 479; *Edwards* v. *Investment Co.*, 132 Mich. 1, and the many cases there cited; *Fred Macey Co.* v. *Macey*, 143 Mich. 138 (5 L. R. A. [N. S.] 1036).

It is the claim of the bill that the fund illegally obtained is traced directly to the real estate situate in Wayne county, and the prayer is that the title thereto may be impressed with a trust in favor of complainant. Section 434, 1 Comp. Laws, provides:

"Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject-matter is local, and if it is not local, in the county where one of the parties in interest resides, if either is a resident of the State; but if the subject-matter is not local, and neither party resides in the State, the suit may be brought in any county; and where it is necessary to file an information or bill in chancery, either to compel the specific performance of contract, cancellation of patents from the State, quiet title, or otherwise to affect real estate," etc.

It is very evident that a decree according to the prayer of the bill cannot be made without its affecting the real estate described in the bill.

What we have said applies also to reasons 2 and 4 of the demurrer.

5. That the complainant is not a proper person to complain of the facts alleged in said bill. It is argued that at the common law the title to real estate of a deceased vested at his death directly in the heir, and the administrator had no right of possession to it. The statutes of Michigan subsequently gave the administrator a qualified right of such possession for a particular purpose; and that this qualified right is given because it may become necessary to exercise it in the settlement of the estate for the purpose of paying claims against the estate, and, there being no claim in the bill that there are debts, the administrator may not bring this case. One of the troubles

with this argument is that it does not take cognizance of the fact that the property which the bill avers was fraudulently obtained was personal property, and remained so, long after the death of Mr. Fish. Until settlement and distribution of an intestate estate, the personal property would rightly be in the custody of the administrator. See *Cullen* v. *O'Hara*, 4 Mich. 132; *Hollowell* v. *Cole*, 25 Mich. 345; *Albright* v. *Cobb*, 30 Mich. 355; *Parks* v. *Norris*, 101 Mich. 71. At the time of the death of Mr. Fish, under these authorities, the only person who could have brought an action for the recovery of this money was the administrator. It was not only his right, but it was his duty, to institute an action to obtain it. The fact that the personal property has been used to purchase real property does not do away with that right.

The decree is reversed, with costs. The defendants will be given the usual time in which to answer the bill of complaint.

MONTGOMERY, OSTRANDER, HOOKER, and MCALVAY, JJ., concurred.