## BROBST *v.* BROBST.

1. ESTATES OF DECEDENTS—EXECUTORS AND ADMINISTRATORS—EQUITABLE RIGHTS—PROBATE OF ESTATES.

Since only a legal estate in the personal property of a decedent vests in the administrator, the heirs being vested with the equitable estate or right, they may collect the debts, etc., if no creditors' rights prevent, and may distribute the funds in such manner as they may agree upon without administration in the probate court. The law favors arrangements of this nature. They are binding, especially when carried out, on the heirs or distributees, in the absence of fraud or mistake.[1]

2. SAME—DEBTOR AND CREDITOR—ENFORCING CLAIMS.

The rule does not, however, recognize any authority upon their part, they not having the legal title, to enforce payment of debts to the estate.

3. SAME—COLLECTION OF ASSETS.

On the decease of an intestate the legal title to his personal effects remains in abeyance until the appointment of an administrator, and then vests in him in trust, in his official capacity, as of the time of the intestate's death, and he is entitled to the possession of such assets and to manage the property for the purpose of his trust; and except under special circumstances, such administrator, or other personal representative, as holder of the legal title, is alone authorized to bring an action for the recovery of a debt due to the estate.[2]

4. SAME—AUTHORITY OF EXECUTOR OR ADMINISTRATOR.

And after an administrator has been appointed, and the time for appeal has elapsed, he cannot be refused the right to uncollected choses in action yet belonging to the estate. Upon his appointment, because of debts or for any other good reason, he has the right to seize and take into his possession, or sell, such assets as may be necessary, re-

[1]On necessity of administration in devolution of personalty, see note in 15 L. R. A. 491.

[2]The executor or administrator as real party in interest by whom action on behalf of estate must be brought is discussed in note in 64 L. R. A. 611.

gardless of any division or disposition the heirs or distributees may have made of the same.

5. SAME—ASSIGNMENTS—STOCK.

It has been held that the widow and heirs of a decedent have no authority to assign a certificate of stock in a corporation so as to transfer the legal title, and like holdings have been made in relation to other intestate property. .

6. SAME—ACTIONS—PARTIES.

The rule is a general one that actions for the collection of debts due to an estate must be brought by an executor or administrator.

7. SAME—EXCEPTION.

Where the debtor acknowledges the holder's right to a note received from an estate and agrees to treat the moneys called for by the note as a loan from such holder or assign, an exception is recognized to such rule.

Error to Kent; Perkins, J. Submitted October 18, 1915. (Docket No. 143.) Decided January 3, 1916.

Assumpsit by Almeda Brobst against Henry Brobst. on a promissory note. Judgment for plaintiff. Defendant brings error. Reversed.

*Dunham & Dunham,* for appellant.

*Nichols & Shaw,* for appellee.

PERSON, J. The plaintiff brought this action upon a promissory note for $700 and interest, payable to the order of one Almanda Adams, and purporting to be signed by the defendant. Almanda Adams, the payee in the note, died intestate on the 19th day of February, 1913; and on the 23d day of June, 1913, the other heirs and distributees of her estate assigned in writing all of their interest in the note to the plaintiff, who was one of the daughters of the deceased payee. No administration was had of Mrs. Adams' estate, and plaintiff's only title to the note comes

through the assignment, and the fact that she is one of the distributees. This action was begun about eight months, or a little more, after the death of Mrs. Adams; and uncontradicted testimony was given upon the trial that there were no debts or claims of any kind against her estate. The case was tried before the circuit judge without a jury, and his findings disclose the facts above stated. He also found, as a conclusion of law upon these facts, that the plaintiff was entitled to recover, and directed judgment accordingly. An exception was taken by the defendant, upon the ground that the facts do not support the conclusion of law, in that the plaintiff has not shown such title to the note as will authorize a recovery by her upon it. As our conclusion upon this point will require a reversal of the judgment, the other exceptions become immaterial.

It is unquestionably the law, as stated in *Foote* v. *Foote*, 61 Mich. 181 (28 N. W. 90), that:

"The legal estate only in personal property vests in the administrator; the equitable estate therein is in the heirs, or other persons entitled to distributive portions thereof. The estate of the administrators therein is a trust for that purpose, and is created only for the purpose of laying hold of the estate and making such distribution. When there are no creditors, the heirs or legatees may collect, if they can, the estate together, and make such distribution among themselves as they may agree to and carry into effect, without the intervention of any administrator; and the law favors such arrangements. In such cases it is only where the heirs or legatees fail to make such collection and distribution that administration becomes necessary."

And where there is no fraud or mistake, such an arrangement, particularly when carried into effect, will be binding upon the heirs and distributees; and, in the absence of creditors, they will be estopped from disturbing it by asking for the appointment of an administrator. *Needham* v. *Gillett*, 39 Mich. 574. The

heirs themselves being bound by such settlement, and no creditors existing, there is no one with authority to question the distribution they may make; they are the equitable owners of the estate, and, in the absence of administration, there is no one to assert the legal title against them. It will be observed, however, that while this rule recognizes the right of the heirs and distributees to divide among themselves such property of the estate as may be in their possession, and such as they may be able to get into their possession, it does not recognize any authority upon their part, they not having the legal title, to enforce the payments of debts owing to the estate and unpaid.

Notwithstanding the right of heirs and distributees to make such arrangements among themselves,

"It is well settled in this State that, on the decease of an intestate, the title [legal title] to his personal effects remains in abeyance until the appointment of an administrator, and then vests in him, in trust, in his official capacity, as of the time of the intestate's death, and he is entitled to the possession of such assets, and to manage the property for the purposes of his trust." *Parks* v. *Norris*, 101 Mich. 71 (59 N. W. 428).

See, also, *Cullen* v. *O'Hara*, 4 Mich. 132; *Palmer* v. *Palmer*, 55 Mich. 293 (21 N. W. 352); *Miller* v. *Clark*, 56 Mich. 337 (23 N. W. 35); *Morris* v. *Vyse*, 154 Mich. 253 (117 N. W. 639, 129 Am. St. Rep. 472); *In re Reidy's Estate*, 164 Mich. 167 (129 N. W. 196). And, except under special circumstances, such administrator, or other personal representative, as holder of the legal title, is alone authorized to bring an action for the recovery of a debt due to the estate. *Cullen* v. *O'Hara*, supra; *Gilkey* v. *Hamilton*, 22 Mich. 283; *Hollowell* v. *Cole*, 25 Mich. 345; *Parks* v. *Norris*, supra; *Buchanan* v. *Buchanan*, 75 N. J. Eq. 274 (71 Atl. 745, 138 Am. St. Rep. 563, 20 Am. & Eng. Ann. Cas. 91, 22 L. R. A. [N. S.] 454).

And, upon the appointment of an administrator, because of creditors, or for any other good reason, such administrator, as holder of the legal title, has the right to seize and take into his possession and sell such assets of the estate as may be necessary, regardless of any division or disposition the heirs and distributees may have made of the same. In *Morton* v. *Preston,* 18 Mich. 60 (100 Am. Dec. 146), the widow and heirs placed their names upon a certificate of stock which passed into other hands. It was held that they had no authority to transfer the legal title to the stock, and the mother, upon afterwards being appointed administratrix, recovered its value in trover. In *Gilkey* v. *Hamilton,* 22 Mich. 283, the son and wife of the intestate sold and delivered to the plaintiff in error a horse belonging to the estate. Upon afterwards being appointed administrators, the son and wife of the intestate were held by this court entitled to maintain replevin for the horse. In *Ormsbee* v. *Piper,* 123 Mich. 265 (82 N. W. 36), the widow and children of the intestate entered into a written agreement for the division and distribution of the estate which consisted principally of a mortgage owned by the deceased, and the mortgage was given into the possession of the widow. Afterwards one of the sons procured himself to be appointed administrator of his father's estate, and it was held that he was entitled to maintain replevin for the purpose of getting control of the mortgage, it being said in the opinion of the court:

"Nowhere do we find that an administrator duly appointed without appeal can be denied the uncollected choses in action yet belonging to the estate, upon the ground that the heirs have agreed that there should be no administration of the estate."

If the heirs and distributees of an estate were entitled to receive and enforce payments of debts due the estate whenever it was believed that there were no

creditors, then every debtor would be under the necessity of determining, at his peril, whether there were such creditors or not. And for a stranger to the estate to reach such a conclusion would ordinarily be no safe or assured matter. There might be debts depending upon a contingency that had not happened, or incurred in a fiduciary relation not falling within the bar of the statute of limitations. As was said in *Powell* v. *Palmer,* 45 Mo. App. 236:

"From the nature of the case, the proposition that there are no debts provable against the estate of a deceased person is therefore a negative proposition, which is not susceptible of absolute proof. No evidence which could be offered in support of such a proposition could go further than to reach a strong degree of probability."

Without attempting to name them all, there are certain exceptions to the rule that actions for the collection of debts due an estate must be brought by an administrator, or some one holding the legal title. The case of *Letts* v. *Letts,* 73 Mich. 138 (41 N. W. 99), illustrates such an exception. There the debtor had acknowledged the plaintiff's right to a note received by her from her father's estate, and had agreed to treat the moneys called for by the note as a loan from the plaintiff. But the bare fact that there are probably no creditors of the estate to which the note belongs, and that is the most that can be said in any case until some conclusive bar has intervened, does not create an exception in this State to the rule.

The judgment will be reversed, and a new trial granted.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.