## *In re* KOEBKE'S PETITION.

1. ESTATES OF DECEDENTS—PERSONAL ESTATE—ADMINISTRATOR—ACTION.

The administrator of an intestate's estate, not the next of kin or heir-at-law, represents the decedent's personal estate, and he is the *only proper person to prosecute a claim* on its behalf.

2. INJUNCTION—ESTATES OF DECEDENTS—GUARDIAN AND WARD.

There is no need for the guardian of an intestate's minor son by former marriage to enjoin the widow of decedent, either temporarily or permanently, from collecting the insurance policies or from selling or attempting to sell real estate pending final determination of lawsuit begun simultaneously with filing of petition, treated as bill of complaint for injunction, where plaintiff has also been appointed as administratrix of the estate and commenced the action at law for declaration of rights as to the same real estate involved and there is no allegation in the petition herein as to who is entitled to the proceeds of the insurance policies.

Appeal from Saginaw; O'Neill (James E.), J. Submitted April 6, 1954. (Docket No. 10, Calendar No. 46,012.) Decided June 7, 1954.

Petition by Bessie Koebke, guardian of David H. LaBuda, minor, for preservation of rights, praying that Ida P. LaBuda be enjoined from collecting insurance and asserting control over certain properties. New York Life Insurance Company permitted to intervene and pay proceeds of policies into court. Cause dismissed on motion. Plaintiff appeals. Affirmed.

*Lowell Jones,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur, Executors and Administrators § 897.

*Curry & Curry,* for defendant.

Reid, J. The petition in this case seems to be intended to function as a bill of complaint. Petitioner states she "is seeking equity in this petition." Petitioner files the petition in her capacity as guardian of the son of Henry LaBuda, deceased, describing her ward as "son and sole natural heir of Henry LaBuda, deceased." Petitioner prays for a temporary and permanent injunction restraining Ida P. LaBuda, widow of deceased, from collecting the proceeds of insurance policies and from selling or attempting to sell property located at 3035 Schaefer street, Carrollton township in Saginaw county (apparently the late residence of deceased) pending final determination of a lawsuit begun simultaneously with the filing of the petition herein. The lawsuit was begun by petitioner in her capacity as administratrix of the estate of deceased, for a declaration of rights as between petitioner as guardian of said minor and administratrix of decedent's estate, and Ida P. LaBuda (the widow of deceased).

Petitioner alleges:

"That Ida P. LaBuda stands in relation of *loco parentis* to the said David H. LaBuda, that she holds all property in her possession and under her control either as trustee for the estate of said minor, or, adversely, or in trust, as the case may be, to or for the estate of Henry LaBuda; that Ida P. LaBuda holds an estimated portion of said property as community property under PA 1947, No 317, and PA 1948 (1st Ex Sess), No 39,* to be included as part of the inventory of the estate of said deceased; that, out of the facts and circumstances of the acquisition of the property of Henry LaBuda, deceased, and

---

* The community property act is CL 1948, § 557.201 *et seq.* (Stat Ann 1953 Cum Supp § 26.216[1] *et seq.*), and its repealer is CL 1948, § 557.251 *et seq.* (Stat Ann 1953 Cum Supp § 26.216[21] *et seq.*).—Reporter.

the assumption of the parental obligations and duties, a quasi-contractual relationship was made, and Ida P. LaBuda is liable as a matter of law for the support and maintenance of said minor."

From an examination of the petition and exhibits attached thereto, and the undenied statements in the answer, it would appear that the property which the petitioner seeks to have protected by injunction is property that belonged to the decedent and that the interest of said minor in the property is claimed by petitioner to be as "sole natural heir" of said deceased. There is no allegation that the ward owns any property otherwise than that derived from his father's estate. The real estate on Schaefer street referred to, stood, at the time of the death of decedent, in the names of decedent and defendant Ida P. LaBuda, as tenants by the entireties. Decedent's first wife was the mother of the minor, who was about 9 years of age at the time of the filing of the petition. After the death of his first wife, the decedent married defendant Ida P. LaBuda March 2, 1946; they separated July 13, 1948; she commenced divorce proceedings against him, July 27, 1948; during the pendency of the divorce case, Henry LaBuda died, December 19, 1948; they had lived apart from each other from the time of their separation until his death.

The petitioner alleges that the value of the rights in controversy exceeds $100 but fails to state that there is any personal property of deceased in the hands of the defendant widow exceeding that distributable to the widow. See CL 1948, § 702.93 (Stat Ann 1943 Rev § 27.3178 [163]). Petitioner does not allege who is entitled to the proceeds of the policies of insurance.

The administrator, not the next of kin or heir-at-law, represented decedent's personal estate, and he is the only proper person to prosecute a claim on

its behalf. See *Hollowell* v. *Cole,* 25 Mich 345; *Palmer* v. *Palmer,* 55 Mich 293; *Brobst* v. *Brobst,* 190 Mich 63; *Michigan Trust Co.* v. *City of Grand Rapids,* 262 Mich 547, 551, 552 (89 ALR 840), and cases there cited.

The petitioner is also administratrix of the estate of deceased. There is alleged no fact indicating any need for the guardian of the son to file this petition to protect the estate, since an administratrix has already been appointed and is acting.

The petition fails to state a case requiring the issuance of an injunction, temporary or permanent, at the instance of the guardian.

The order of the circuit court properly dismissed the petition. The order appealed from is affirmed, with costs to defendant Ida P. LaBuda.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.