WILLIAM WARNER AND JOHN WARDELL, assignees of
JOHN WARNER,

*vs.*

ABRAHAM ALLEE AND PRESLEY ALLEE, administrators of
JONATHAN ALLEE, dec'd, AND GEORGE P. DAINES.

*Kent, Aug. T.* 1818.

Payments made by a surviving partner, on account of a partnership debt,
are admissible in a suit against the representatives of the deceased
partner, to take the debt out of the Act of Limitations.

Upon the insolvency of the surviving partner, a creditor is entitled to have
his debt satisfied out of the estate of the deceased partner, unless his
equity to relief has been lost by laches. Ordinary forbearance is not
such laches.

The executors and administrators of a deceased partner are held to dili-
gence in pursuing their remedy against the surviving partner, in a
case of threatened mismanagement or insolvency; and their laches in
this duty will preclude any equity they might otherwise have, growing
out of laches on the part of a creditor of the partnership.

BILL IN EQUITY AGAINST ADMR'S OF A DECEASED PARTNER.
—Jonathan Allee, dec'd, and George P. Daines were part-
ners, as merchants, in 1810–1811. They became indebted
to John Warner, and at the death of Allee, in 1811, there
was a balance due Warner of $1,507.38. This balance
was, after Allee's death, reduced by Daines, the surviving
partner, to $638.15, the balance due at the filing of this bill.
John Warner, in Aug. 1814, made an assignment to the
other complainants for the benefit of his creditors, under
which assignment the balance due from Allee & Daines
passed. Daines continued to make some payments on
account to John Warner up to May, 1814, when he became
insolvent and left the State. Thereupon, this bill was
filed to recover the balance of the debt out of the estate.

7

of the deceased partner, Jonathan Allee. The prayer was, that the defendants, the administrators of Allee, might admit assets, set forth an account of the personal and real estate of their intestate, and be decreed to pay the demand of the complainants ; or that the administrators and Daines might be decreed to pay the same.

The defendants, the administrators of Allee, pleaded the Act of Limitations, alleging that the goods were purchased more than three years before this bill was filed, and that no promise or agreement to come to any account of said debt, or to pay the same, had been made by the defendants, or by either of them, or by Allee in his lifetime, within three years before the exhibiting of the bill and the suing out of process. With the plea an answer was filed. It alleged that the partners, Allee and Daines, contributed each $1,600 ; that at Allee's death the joint stock amounted to $2,700, besides certain debts due the late firm, mostly solvent, to the amount of $3,733.81 ; that the partnership assets were more than sufficient to pay the debts of the firm ; that after Allee's death Daines continued for more than two years to be solvent, with ample partnership funds for the payment of the debts; and that his failure to pay this debt resulted from the want of reasonable diligence on the part of the creditor ; that no part of the partnership assets came to the hands of Allee's administrators, except the small sum of $85.19½, which was collected by them, in 1815, after Daines' insolvency and departure from the State; that there is due from the surviving partner to the administrators a sum exceeding $2,000 00 for Allee's share of the surplus assets after payment of the debts, which they have no expectation of being able to collect. The answer further alleged that, for nearly two years after Allee's death, Daines continued to carry on the business, and had dealings with John Warner, or with the firm of which he became a member,—Warner, Trimble & Co. ; and that he paid to Warner and the said

firm divers sums of money. The answer alleged that the personal estate of Allee had been exhausted by debts of a higher grade, but admitted real assets sufficient.

The answer of Daines admitted generally the facts alleged in the bill ; and stated that after Allee's death and up to the middle of March, 1814, he made sundry payments to John Warner on account of this debt ; that several hundred dollars was yet due, no payment having been made since the assignment by Warner.

Issues were joined and depositions taken by both parties. The cause came before the Chancellor for hearing on the bill, answers, exhibits and depositions, at the Aug. T. 1818.

*H. M. Ridgely*, for the complainants.

1. As to the Act of Limitations. This bill was filed 10th July, 1816. Within three years of that date, as late as the 5th March, 1814, Daines made his last payment on account of the debt. Besides, in his answer he admits a balance to be due. The payment and the answer take the case out of the Act of Limitations. Such, unquestionably, is the effect of the answer as to Daines, and an acknowledgement operating as to one of several persons jointly liable, must operate as to all. The debt being joint, payment by one is payment by all, and the admission of one is the admission of all. This has been held in suits upon notes, though upon them the liability is several as well as joint. *Doug.* 652 : 2 *H. Blk.* 340.

It makes no difference that the defendants are administrators. They stand in the same position as would their intestate, Allee, if he were alive and before the Court.

2. Upon the merits of the case,—the complainants are clearly entitled to relief. Every partner is liable for the whole debt upon a deficiency of partnership assets. 5 *Burr.* 2613 : 3 *Ves. Jr.* 277. It is not proved that the

partnership assets were sufficient. The goods were appraised at $2900.00. What were the solvent debts due the firm does not appear. No exhibit is made of them. If the defendants rely on the ground that there were sufficient partnership assets, they should have filed a cross bill. The complainants are not affected by want of diligence. From the death of Allee in June 1811, up to the year 1814, Daines continued to pay partnership debts to an amount, appearing in this cause, of over $1,000.00. He was supposed to be good. His insolvency, when it occurred, was wholly unexpected. Had the complainants sued previously, it would only have hastened his ruin and prevented the payments that were made, while a suit afterwards would have been fruitless. Besides, the administrators themselves were equally bound to diligence. They had their remedy against Daines to compel a settlement of the partnership affairs. A suit by them would not have shaken Daines' credit as a suit by creditors would have done.

*Hall*, for the defendants.

1. The cases cited to the point that an acknowledgment by one of several persons, jointly liable, takes the debt out of the Act of Limitations apply to an original cause of action. This is a distinct proceeding in equity against the administrators, proceeding upon the ground that there is no remedy at law on the original cause of action. These defendants were never liable with Daines; there was no joint cause of action as against them; and, therefore, they are not affected by Daines' acts or acknowledgments. As to the administrators, this is not a case between merchant and merchant.

2. At all events, the complainant has no equitable claim upon the administrators. At law, Allee's liability ceased upon his death. The partnership effects, and with them the partnership debts, survived to and against Daines.

The surviving partner takes all, and is bound for all. If equity interferes, it must be under special circumstances, in order to prevent injustice—to take from defendants what they cannot under the circumstances hold according to good conscience. Are there such circumstances in this case? It does not appear that there were not sufficient partnership assets. That is a fact to be established before the partners can be pursued separately. 2 *Ves. Sr.* 265, 100, 371 : 1 *Ves. Jr.* 236. There has been no settlement, and no sufficient reason appears why the creditor should not have recovered his debt from the surviving partner. Daines was solvent more than three years after Allee's death. Warner continued to deal with him, and received from him $595.73 ; and Warner, Trimble & Co., dealt with him to the amount of $1400.00,—in all more than double the debt of Allee & Daines. Daines had means to pay this debt, and with proper diligence it might have been collected. If Allee's administrators have it now to pay, they will sustain a clear loss which the creditor might have prevented ; and so the interference of this Court will work manifest injustice. The administrators were not, as is insisted, bound to look after this debt of Warner's. It is for the creditors to collect their own debts. The interest of the administrators is only in the surplus after the debts are paid,—the same interest which the partner has. 4 *Ves. Jr.* 396. Their remedy is for the surplus only ; and they could not have gone into equity except upon the ground that Daines was wasting the estate. But his insolvency did not occur for two years after Allee's death, and was not suspected until it was too late for remedy.

RIDGELY, CHANCELLOR.—One principal question in this cause rests on the Act of Limitations. Jonathan Allee died about the 1st July, 1811. At the time of his death the account was unpaid, and was not barred by any limitation. Daines, the surviving partner, in 1811, and in 1812, 1813 and

1814, paid several sums of money. On the 8th of March, 1814, he paid $100,00, and in May of the same year, $12.00 more. These are facts proved in the cause, and not depending on the admission of Daines in his answer. That is laid out of the case as to these defendants.

The case of *Whitcomb vs. Whiting, Doug.* 651, goes the whole length of this now before the Court, unless the death of Jonathan Allee shall make a difference. There, the payment by one of the drawers of a joint and several promissory note, was adjudged sufficient to prevent the Act of Limitations from barring the recovery. And in *Jackson vs. Fairbank, 2 H. Blackstone,* 340, where one of the makers of a promissory note had become bankrupt, a payment made under a commission of bankruptcy prevented the other maker of the note from availing himself of the Statute of Limitations The opinion of the Supreme Court of the United States, in *Clementson vs. Williams,* 8 *Cranch,* 72, cited in argument, goes upon the ground that the *special* acknowledgement of one of the partners, made in the manner there stated, was no proof that the debt remained due at the time of such acknowledgment, and did not take the case out of the Statute of Limitations. " The acknowledgement," say the court, " must go to the fact that a debt is due." Here, there can be no doubt, that the debt was fully admitted to be due by the payments made in March and May, of the year 1814, and consequently was at the time a subsisting debt against the surviving partner and the administrator of the deceased partner. If, then, the demand was not barred in 1814, and was then admitted indisputably by the act of the surviving partner, what can prevent a recovery now ? Certainly, no lapse of time between that period and the time at which the bill was filed and process served in the cause. When will the Act begin to run ? Not in the life-time of Jonathan Allee ; for the partnership began in 1810, and in that year, and in every year after, there was a running account between the creditor

and the debtors : and payments were made, and so continued, till Allee's death ; and then the surviving partner went on paying until May, 1814. Now, here is strong, conclusive evidence of a subsisting, unsatisfied, admitted claim until May, 1814 ; and since that time three years had not elapsed before this suit was commenced. The Act of Limitations, therefore, cannot avail the defendants.

Next, as to the equity of the case. This is a fair and honest debt, due from the partners in their life-time. The creditor comes into the court for satisfaction out of the assets of Jonathan Allee, and this he may fairly do, although there may be a legal remedy against Daines. 1 *Ves. Sr.* 106. As the demand survived against Daines, there was no remedy at law against the representatives of Allee, and as Daines' insolvency is admitted on all sides, this is the only remedy which the creditor can have to obtain satisfaction. He is clearly entitled to the assistance of this Court, unless his equity is rebutted by the superior equity of the defendants, arising from the laches of the complainant. Daines and Allee were partners in trade, indebted to Warner at the time of Allee's death in July, 1811, in $1507.38. Daines, the survivor, went on paying until May, 1814, when he reduced the debt to about $600 : at which time his failure unfortunately happened,—a failure sudden and unexpected, and without any doubt having been entertained by Warner, or, as far as we know, by Allee's representatives. Daines' nearest neighbors, and those most intimately acquainted with him, never suspected danger. The representatives of Allee never suggested a doubt to Warner ; and yet, without a single circumstance of alarm, it is insisted that Warner's forbearance shall be deemed such unwarrantable negligence as to discharge Allee's estate from any responsibility, or to cause him to lose his remedy, in this court as well as at law. Considering the credit given by merchants, and the policy sometimes of forbearance, and the circumstances of this case, I am very far from thinking that the

delay of Warner can be considered so gross as to deny to him the aid of this court, or perhaps that it can be imputed to him as a fault at all. But, it may fairly be asked, why the defendants lay still after the death of their intestate ? Why did they not inquire into Daines' management of the partnership ? They had an ample remedy against him. They might have filed a bill in this court to call him to an account about the affairs of the partnership, and to compel him to pay the partnership debts. They had a remedy adequate to the exigency of the case. They should have proceeded in this way, and thereby all loss might have been prevented. This case is stronger than *Bishop vs. Cranch,* 2 *Ves. Sr.* 100, 371 : and yet there, a court of equity set up the demand of an obligee against the heir and executor of a deceased joint obligor, when the other obligor had become bankrupt. The case of *Jacomb vs. Harwood* 2 *Ves. Sr.* 265, so far as it bears on this case, supports the opinion here given. *Hankey vs. Garret,* 1 *Ves. Jr.* 236, turned on a question which does not here arise. *Daniel vs. Cross* 3 *Ves. Jr.* 277, shows clearly the liability of the assets of the deceased partner, Allee. And as the defendants have not been able to rebut the equity of the complainants, it must be decreed that the representatives of Allee, the deceased partner, pay the balance of this account.

Decree accordingly.