NATHAN J. BARWICK, administrator d. b. n. of JOHN C. BARWICK, deceased,

*vs.*

SOPHIA E. WHITE, administratrix of GEORGE P. WHITE, deceased, and WILLIAM CANNON.

*Sussex, Sept. T.* 1861.

A trust fund, so long as it can be traced, may be followed for the purpose of enforcing the trust.

A promissory note, taken by an administrator for proceeds of land of his decedent sold under an order of the Orphans Court for the payment of debts, and shewing on its face the purpose for which it was given is a trust fund.

Upon the death of the administrator, the assignment of the note by his administratrix to pay his debts is a breach of trust and a legal fraud, for which the administratrix and her assignee are liable in equity.

The maker of the note, by whom it had been paid, is not a necessary party to a bill to enforce the trust. Neither are the heirs or devisees of the decedent, whose land was sold, necessary parties. The fund belongs to the administrator *de bonis non* of the decedent.

BILL IN EQUITY.—George P. White, as administrator of John C. Barwick, deceased, under an order of the Orphans Court made at the March Term, 1857, sold the land of the decedent for the payment of his debts. The sale was made to Simeon J. Pennewill for $291.88, of which sum Pennewill paid part in cash, and for the residue, $140.28, gave his promissory note, payable to George P. White or order, in these words:

"BRIDGEVILLE, March 9, 1857.

On demand, I promise to pay to George P. White or order, one hundred and forty dollars and twenty-eight cents, being for the balance of the sale of the lands of John C. Barwick, sold by order of the Orphans Court and purchased by me."

(Signed) SIMEON J. PENNEWILL.

After White's death the note, being unpaid, was indorsed by his administratrix, Sophia E. White, to William Cannon, a creditor of White, to whom it was paid by Pennewill. This bill was filed by the complainant, as administrator d. b. n. of Barwick, claiming that the note was a trust fund in the hands of White, as administrator of Barwick; that its assignment to Cannon was a breach of trust and a legal fraud on Barwick's estate. The bill alleged a demand on Cannon before the collection of the note; and it prayed a decree that the defendants pay the amount collected on the note, with interest.

The answer of the defendants alleged that, at the time

when White sold the land of Barwick and took Penne-will's note for the proceeds, Barwick's estate was indebted to him in $122.22, for that amount overpaid by him as administrator; that there was also due to him $40.97 for commissions allowed by the Orphans Court upon the sale; that he had also paid $10 for the expense of repairing the fence on Barwick's land; that these sums amounted to more than the note, and that White was entitled to hold the note and its proceeds against them. The answer took the further defence that the proceeds of sale were not a trust fund, inasmuch as White, the administrator, had given security in the Orphans Court for the due application of the proceeds; that the complainant's remedy, if any, was against the surety by suit at law on the bond of the administrator and not in a court of equity. The answer also insisted that the bill was defective for the want of proper parties, in not joining the heirs at law and devisees of Barwick; also, in not joining Pennewill, as the maker of the note in question.

It appeared, by exhibits proved at the hearing, that the amount due White, the administrator, as alleged in the answer, had been reduced by sundry payments, made by Barwick's widow, to $44.00.

The cause came before the Chancellor, at the Sept. T. 1861, for a hearing upon the bill, answer and exhibits.

*A. P. Robinson,* for the complainant.

The note for $140.28, being for purchase money of Barwick's land, and taken by White in the character of administrator, whether so named in it or not, was a trust-fund in his hands, and came to his administratrix, Sophia White, and afterward to Cannon, subject to the same trust. On White's death the note passed not to his administratrix, but to the administrator *de bonis non* of Barwick, to whom the money belonged as the fruit of Bar-

wick's estate.   A note made for a special purpose to an administrator does not go to his representative, but to the administrator *de bonis non.*   The result is that the appropriation of the note to pay White's debt to Cannon was a breach of trust and a legal fraud on Barwick's estate.   1 *Barn & Cress*, 150 ; 4 *Adolph & Ell.* 870 ; 10 *Ib.* 784 ; 2 *M. & S.* 562; 12 *Ves. Jr.* 119.   The fact that White's bond, as administrator, may be sued at law against the surety does not deprive us of our remedy against Mrs. White and Cannon, for the breach of trust and fraud.   These are subjects peculiarly of equitable cognizance, which is not affected by the existence of a remedy at law against other parties.

The defence that Barwick's estate owed White more than the amount of the note is answered by the proof.   The widow had re-imbursed the balance overpaid by White as administrator; or, at least, had left only a small balance due him.

*J. Moore* and *W. Saulsbury*, for the defendants.

The proceeds of sale of the land were assets in the hands of White, the administrator, which he had a right to receive in any form.   By taking the note in his individual name he made it his own.   His return of sale charged him with the whole proceeds, for which he and his surety became liable on his bond.   This afforded an adequate remedy and the only remedy.   Barwick's administrator *de bonis non* is not entitled to administer the proceeds of land sold by White. If not necessary for the payment of debts they belonged to the heir or devisee, who alone could sue for them.   They are not parties to the bill.

If *fraud* be relied on as the ground of relief, it could be only fraud against the surety in the bond, who alone is affected by it; and he is not the party complainant.

HARRINGTON, CHANCELLOR.—George P. White, as the

administrator of John C. Barwick, sold his land by order of the Orphans Court for payment of debts, giving the usual bond and surety for the application of the proceeds. The sale was made to Simeon J. Pennewill for $291.88, part of which was paid in cash and a note given for the balance, $140.28, payable to George P. White, or order, the same being part of the proceeds of sale of Barwick's land. This note was assigned, after White's death, to William Cannon, and by him collected of Pennewill.

The bill is filed by an administrator *de bonis non* of Barwick, claiming this note as a trust fund in the hands of White's administratrix, or her assignee Cannon, stating a demand on him before collection. It proceeds on the ground of a breach of trust by Mrs. White, and of legal fraud by both her and Cannon, in diverting to the payment of White's debts a fund which on its face belonged to Barwick's estate.

The answer denies that the complainant, as the representative of Barwick's estate, has any standing in a court of equity against White's representative, as there is a clear legal remedy on White's bond; and it denies that he has a remedy any where for the proceeds of sale of land where such land was sold by another. It denies also that any investigation can be made as to the fraud in converting the note to an improper purpose, without making Pennewill a party.

As long as the proceeds of trust property can be traced, as separate from other property of the trustee, it is liable to the trust purposes. George P. White, as administrator of Barwick, had no right to the land, or its proceeds, until that land had been lawfully sold under the order of the Court; and the proceeds came to his hands for the purpose for which it was sold, viz: the payment of Barwick's debts. While, therefore, the proceeds of sale of this land were represented by the note of the purchaser, expressing on its face that it was trust property, it remained trust property,

and belonged to the estate of Barwick in the hands of his administrator, White, as a trustee for Barwick's creditors, and, after they were paid, as trustee for his devisee or heirs at law.   In that condition was this fund at the death of George P. White, who had received more than enough money from the sale of the land to pay the balance appearing due to him on his second administration account after deducting the payments made by Mrs. Barwick for sinking this balance.   Indeed, from the proof in this cause of such payments, there was but $44 overpaid by him at the time he got the order to sell Barwick's land.   George P. White, therefore, had no claim, personally, to the proceeds of sale beyond this, and he was a trustee for the balance ; and these proceeds,embraced in this note,are traceable and distinguishable.   It was not in the power of his representative, Mrs. White, nor of Mr. Cannon, her agent or assignee, to change the character of this fund or bring it into White's estate.   It was a trust fund and belonged to other parties. The attempt to change it to a personal fund, belonging to White and falling into his estate, is inequitable toward those who have the right to the fund or to its application,and is such a fraud (in a legal sense) as this Court will prevent or redress.

To the proper exercise of this jurisdiction it is not necessary that the heirs or devisees of Barwick,or that Pennewill, should be made parties.   The fund in its present state belongs to the personal representative of Barwick, applicable to debts, if there be any, and only to heirs or devisees after these are satisfied.   There was no necessity for making Pennewill a party; for he has paid the note and no decree is sought against him.

I am, therefore, of opinion that the complainant is entitled to a decree for the payment of $140.28, the amount of the note and interest, with costs.

Decree accordingly.