Rosenzweig *vs.* Thompson, *et al.*

</div>

(Decided 15th March, 1887.)

---

MARY F. ROSENZWEIG, by her husband WILHELM ROSENZWEIG *vs.* WALTER H. THOMPSON, and others.

*Equity practice—Heir-at-Law and Distributee of a deceased Partner.*

Where a case is submitted on bill and answer, without a replication or any proof, the averments of the bill, so far as they are denied by the answer, are out of the case.

In the absence of special circumstances authorizing the same, an heir-at-law and distributee of a deceased partner, cannot maintain

a bill against his administratrix and the surviving partners for an account of the affairs of the firm.

APPEAL from the Circuit Court for Talbot County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Andrew C. Trippe,* for the appellants.

*J. Frank Bateman,* and *Phil. Frank Thomas,* for the appellees.

MILLER, J., delivered the opinion of the Court.

This appeal is from a decree dismissing a bill in equity filed by the appellant. The case was submitted on bill and answer without a replication or any proof, and therefore the averments of the bill so far as they are denied by the answer are out of the case.

The facts are briefly these: John F. Kersey died intestate in October, 1884, leaving the appellant his sole heir-at-law, and distributee of his personal estate, upon which his widow took out letters of administration. At the time of his death, Mr. Kersey was a partner in the firm of "Thompson, Kersey & Co." and the greater part of his estate consisted of his interest in the assets of that firm. His death, of course, dissolved the partnership, and the right and duty of liquidation devolved upon the surviving partners. In July, 1885, about nine months after his death, the appellant filed her bill against *his administratrix and the surviving partners* for an account of the affairs of the firm. The ground upon which the bill proceeds is, that there is collusion between the administra-

Rosenzweig *vs.* Thompson, *et al.*

trix and the surviving partners to hinder and delay the complainant in the obtention of her rights, and that the relation of the administratrix and the surviving partners is such as to present a substantial impediment to the prosecution by the former of the rights of the complainant against the surviving partners, and that the administratrix refuses to require the surviving partners to account.

But the answer emphatically denies not only the general charge of collusion, but also all the specific charges from which any inference of collusion could be drawn. We have carefully considered the bill and answer and can find nothing in the former which is left undenied in the latter from which a case of collusion can be made out. If there has been such misconduct on the part of the surviving partners in settling up the affairs of the late firm, as to afford good ground for the administratrix of the deceased partner to call for an account, it is her duty to file a bill against them for that purpose, in order to protect the estate of her deceased husband and the rights of his distributee, and if she fails to discharge this duty, her administration bond will be responsible to the distributee for such neglect.  It is said however by the appellant's counsel, that a distributee or legatee of a deceased partner has always the right to file a bill for an account like the present, whether there has been any such collusion or not.  Some cases are to be found in the English Reports, which apparently sustain this position: The one that has been most strongly pressed upon our attention, is that of *Bowsher vs. Watkins,* 1 *Russ. & Mylne,* 277, where, as reported, the decision was that residuary legatees may sustain a bill for an account, against the executor and the surviving partner of the testator, though collusion between the executor and the surviving partner is neither charged nor proved.

The judgment given in that case by Sir JOHN LEACH, is very brief, and assigns no reasons.  The report simply

states that "the *Master* of the *Rolls* was of opinion that the plaintiff had a right to sustain the bill against the surviving partner." But the authority of that case, as sustaining the broad general proposition contended for, though it seems to have met the approval of Lord Chancellor BROUGHAM in *Holland vs. Prior,* 1 *Mylne & Keen,* 244, has been thoroughly discredited by the more recent decisions. Thus the *Master* of the *Rolls* (Lord LANGDALE), says of it in *Davies vs. Davies,* 2 *Keen,* 539, "I well recollect that there were special circumstances which induced Sir JOHN LEACH to come to the conclusion he did in that case, and that the decision was far from establishing the general proposition that in every case, a bill might be filed against an executor and surviving partner of the testator, without charging and proving fraud or collusion." Again, Lord Chancellor SUGDEN, *in Wright vs. Hamilton,* 3 *Jones & Latouche,* 481, says that *Bowsher vs. Watkins* depended upon special circumstances, as stated by Lord LANGDALE from recollection, and that in that case the executors had appointed an agent who became a partner with the surviving partner, and they were responsible for their agent. And in view of these explanations of it Vice-Chancellor Sir CHARLES HALL in the more recent case of *Yeatman vs. Yeatman, Law Rep.,* 7 *Ch. Div.,* 214, said, "I agree, therefore, with what was said by the defendants' counsel here, that *that case* had better never be referred to again as supporting any such general proposition." The proposition in support of which it was there cited, was that the mere refusal to sue on the part of the legal representatives for the recovery of outstanding assets will, of itself, and in the absence of special circumstances, entitle a person interested in the estate, whether as residuary legatee or next of kin, to bring an action against the legal personal representative and the alleged debtor to the estate, and it was held that such mere refusal would not justify such a suit.

According to all the later English decisions it is laid down as a general rule, that the legatees or next of kin of a deceased partner have no right of action against his surviving partners, but such suits may be maintained under special circumstances. A very clear and comprehensive statement of how far the cases have gone, and of the principle upon which they proceed, is given by Lord Justice TURNER (then Vice-Chancellor), in *Travis vs. Milne,* 9 *Hare,* 150, and was approved by the *Master* of the *Rolls,* Sir JOHN ROMILLY, in *Stainton vs. The Carron Co.,* 18 *Beav.,* 157. "Upon an examination" (says his Lordship,) "of the authorities, I believe it will be found that there is no instance of such a suit being maintained, in the absence of special circumstances, and that collusion is clearly not the only ground on which such a bill can be supported. The cases, I think, may fairly be considered to go to this extent:—that such a bill may be supported in all cases where the relation between the executors and the surviving partners is such, as to present a substantial impediment to the prosecution, by the executors, of the rights of the parties interested in the estate, against the surviving partners." In this State no bill like this has been sustained under circumstances similar to those in which this case, as it is now presented to us, stands; and, in fact, no American authority has been cited, nor have we found any, to support it. Indeed, in this country, where the law makes abundant provision for the security and protection of legatees and next of kin, by requiring administration and testamentary bonds, to be given by every administrator and executor, there would seem to be no good reason for extending the exceptions to the general rule.

As has already been shown, collusion is out of the case having been denied by the answer, and we find nothing which presents any impediment to the prosecution of a suit by the administratrix against the surviving partners to recover her deceased husband's share of the partnership

assets. She was not, and is not a partner with them, nor has she had any dealings with them which would preclude her from obtaining an account of the partnership from them. In short, we find no such special circumstances as would, under the authorities, either English or American, be sufficient to sustain this bill. The decree dismissing it must therefore be affirmed.

*Decree affirmed.*

(Decided 15th March, 1878.)