EARL F. TRINCIA,

*vs.*

OLYMPIA TESTARDI and GUIDO TRINCIA, Administratrix and Administrator, respectively, of the estate of Giovanni Trincia, also known as John Trincia, deceased, and FLAVIANO CALVARESE, the said Giovanni Trincia, now deceased, and the said Flaviano Calvarese, late trading under the firm name and style of T. and C. Baking Company, and DANIEL DE PACE.

*New Castle, May 9, 1947.*

*James R. Morford,* of the firm of Marvel and Morford, for complainant.

*H. Albert Young* and *Harold B. Howard,* for Flaviano Calvarese, defendant.

*Anthony F. Emory,* for Olympia Testardi and Guido Trincia, administratrix and administrator.

SEITZ, Vice-Chancellor: The principal point for decision involves the right of an heir-at-law of a deceased partner to maintain an action in equity against the surviving partner even though there is an administrator for the deceased partner's estate.[1]

Complainant is the son and one of the heirs-at-law of

---

[1] Since the *Uniform Partnership Act* was passed after this matter was submitted for decision, I have not considered it as applicable to this case, although it repealed *Paragraphs* 3398 *to* 3406, inclusive, of the *Revised Code of Delaware* 1935.

Giovanni Trincia who died intestate on March 11, 1946, survived by three sons and three daughters. For many years prior to February 18, 1937, Giovanni Trincia and Flaviano Calvarese were the sole and equal stockholders of T. and C. Baking Company, a Delaware corporation. They organized a partnership known as T. and C. Baking Company, and, on February 18, 1937, filed, pursuant to statute, a certificate of partnership in the office of the Prothonotary for this county, in which they designated themselves as the sole partners. On February 20, 1937 the corporation was dissolved and the partnership acquired the corporate assets and continued to operate the same business without interruption. This partnership continued until it was dissolved by the death of Giovanni Trincia (hereinafter called the "deceased partner") on March 11, 1946. It is alleged that the deceased partner and Flaviano Calvarese (hereinafter called the "surviving partner") were the only partners during the life of the partnership, and that at its inception each owned an undivided one-half interest in the partnership assets, and each was entitled to receive one-half of the net profits. It is alleged that the surviving partner at the date of dissolution had so overdrawn both his capital and income accounts that the estate of the deceased partner was entitled to the whole of the net assets, and that the partnership was also a creditor of the surviving partner in a substantial sum of money.

On April 12, 1946, the complainant filed with the Register in Chancery for this county an application under *Paragraph* 3403 of the *Code* for a summons to be issued to the surviving partner to require him to show cause why he had failed to comply with that statute, which requires the surviving partner to file, within thirty days after the death of his partner, an estimate of the value of the assets of the partnership, and to give bond with surety in an amount equivalent to such estimate. On May 2, 1946, the surviving partner, by Daniel De Pace, Esquire, filed an estimate of value showing gross assets of $27,585.95, and net assets

of $14,561.73. The bill alleges that the estimate is false in reciting that there were five partners (the statute requires no identification of partners). It is also alleged that the balance sheet (part of the estimate) was and is false and untrue as appears from the inventory and appraisal subsequently filed by the appraisers appointed by the Register pursuant to statute. The surviving partner at the same time filed a bond with surety in the sum of $4,000, purportedly in compliance with the statute. Thereafter, as required by *Paragraph* 3402, of the *Code,* the Register of this county appointed two appraisers who on or about July 18, 1946, filed a report containing an inventory and appraisal of what they concluded were the partnership assets. The report showed gross assets of $51,183.62 and net assets of $35,123.83. One of the appraisers, who was an accountant, also filed what he denominated a "Report for Appraisers," in which he set forth at length the financial position and condition of the partnership.

After these reports were filed by the appraisers, the complainant's solicitor, by letter dated July 22, 1946, requested the Register to demand of the surviving partner a bond with surety in the sum of $35,123.83, representing the net worth of the partnership according to the appraisers' report. The letter stated that *Paragraph* 3402 of the *Code* imposes on the Register the duty to require of the surviving partner such additional bond with surety when the appraised value shows that the estimate filed by the surviving partner was incorrect and deficient. Pursuant to this request, the Register, by letter dated August 28, 1946, demanded such additional bond as would be equivalent to the difference between the appraised net value of the partnership and the amount of the bond theretofore filed, or $31,123.83. In response to this demand of the Register, the surviving partner filed a bond in the sum of $6,637.89, so that the total of the bonds filed by the surviving partner amounted to $10,637.89.

Contemporaneously with his demand on the Register under date of July 22, 1946, the complainant's solicitor addressed a letter of demand to Daniel De Pace, Esquire, who, up until the filing of this bill, was attorney for Olympia Testardi and Guido Trincia, administratrix and administrator, respectively, of the estate of the deceased partner. The administratrix and administrator will hereinafter be referred to collectively as the "administrator," unless further identification or differentiation becomes necessary. It is averred on information and belief that the said Daniel De Pace was at that time also the attorney representing the surviving partner, and had theretofore for many years represented both the surviving partner, the partnership and the predecessor corporation. The substance of the demand was that the administrator join with the present complainant in proceedings to compel an accounting of the surviving partner, and suggested that Mr. De Pace would have to decide which side he would represent. The only response received by complainant, or his solicitor, was a letter from Mr. De Pace dated July 23, 1946, which stated that he had notified the administrator of his rights and which suggested that if the other heirs of the deceased partner were not satisfied with the administration of the estate they were at liberty to apply to the Register of Wills for revocation of the letters granted to him.

Some time subsequent to the demand and response noted, the surviving partner filed a paper with the Register in Chancery under date of September 3, 1946, entitled "Exceptions to Appraisers' Report," but it is averred that the document has no relevancy to the proceedings before the Register and the aforesaid statutes of this state.

The bill avers that no action had been taken by the administrator up to the time of the filing of the bill (October 11, 1946) to protect the interest of the estate in the partnership assets and that the bill was brought by complainant as one of the heirs-at-law of the deceased partner, on behalf of the estate and its personal representatives, as well as on

his own behalf, and in the interest of all the heirs-at-law of the deceased person and any other person having any interest in the estate.

Complainant avers that the surviving partner is continuing to conduct the partnership business, is disposing of partnership assets and property, selling products made and manufactured with partnership property, incurring debts and other obligations which are charges against the partnership business and its property, and operating the business as though he were the sole proprietor. Further, that the appraisers' reports disclose many irregularities in the conduct of the business by the surviving partner prior to the dissolution of the partnership, and complainant is apprehensive lest similar acts and irregularities occur under the control and the unsupervised management of the surviving partner. Particularly, complainant avers that the surviving partner has without authority purported to give an interest in the partnership to Guido Trincia, the administrator, and to his own relatives, Emidio Calvarese and Frank Calvarese.

Complainant further avers that in conducting the business the surviving partner is using real property of which the deceased partner was seized in fee simple at the time of his death, and which by reason of the death of his father, intestate, the complainant and the other children now own in fee simple as tenants in common. Complainant has not consented to the use of the real property and has not been advised what rent, if any, the administrator is collecting therefor.

Complainant avers that he is entitled to maintain this action since those having the primary duty to do so—viz., the administratrix and administrator of the deceased partner's estate, have failed and refused to take action against the surviving partner. Complainant says he is entitled to injunctive relief under general equity jurisdiction, and also under the provisions of *Paragraph* 3406 of the *Revised Code of Delaware*, 1935. Further, that by reason of the failure of

the surviving partner to file sufficient bond as required by *Paragraph* 3402 of the *Code,* a receiver should be appointed pursuant to the provisions of *Paragraph* 3403 of the *Code.*

The bill contains a great many prayers which have for their ultimate objective the procurement of an accounting from the surviving partner. As ancillary relief, complainant seeks a receiver and proper injunctive relief to prevent dissipation of partnership assets.

After the complainant filed his bill joining as defendants the administratrix and administrator and the surviving partner, a petition was filed by Daniel De Pace, Esquire, asking leave to intervene as a party defendant. Leave was granted. Thereafter, the defendant De Pace filed a motion to strike all the allegations of the bill which had the effect of alleging that the defendant had, as attorney, represented adverse interests. The defendant contended that such allegations were immaterial and scandalous. Because the complainant contended that such allegations might be necessary to sustain jurisdiction in this cause, the court deferred any decision on the motion until after the jurisdictional point was determined.[2]

The defendant Flaviano Calvarese, the surviving partner, demurred to the bill on several grounds, but they may be summarized as follows:

(1) The allegations of the bill do not entitle complainant to relief under either *Paragraph* 3403 or *Paragraph* 3406 of the *Code.*

(2) Complainant has not alleged facts which would entitle him to prosecute a derivative suit on behalf of the surviving partner's estate.

---

[2] It should be pointed out that Daniel De Pace vigorously denies all the allegations of the bill purporting to allege that he represented adverse interests under improper circumstances. The decision on this issue must, of course, await a hearing thereon.

(3)  The bill lacks equity because it seeks an accounting alone, which is insufficient to support equitable jurisdiction.

The defendants Olympia Testardi and Guido Trincia, administratrix and administrator, respectively, of the estate of Giovanni Trincia have filed a plea setting forth the following matters:

(1)  They have not refused to file suit against the surviving partner.

(2)  The defendants, because of the business and family relations, feel that there is no necessity for a suit at this time; furthermore, they consider that a settlement might be arranged among all interested parties.

The complainant subsequently filed a motion for a receiver *pendente lite* pursuant to *Paragraphs* 3398 and 3403 of the *Code*.  Affidavits were filed in support of and in opposition to the motion.

The court heard argument on the demurrer, the sufficiency of the plea, and defendants' motion for a receiver *pendente lite*.  This is the decision of the court with respect to all these matters.

The demurrer filed by the surviving partner will be considered first because it challenges the very right of the complainant to maintain this action.  The first ground of demurrer is that complainant is not entitled to relief under either *Paragraph* 3403 or *Paragraph* 3406 of the *Code*. Since a determination of the surviving partner's contention turns on an interpretation of the language of these paragraphs of the *Code*, it may be well to set forth the several pertinent provisions of the *Code* dealing with partnerships.

"PARTNERSHIPS—Article 2
"Dissolution of Partnerships
  "3398.  Sec. 10.  RECEIVER APPOINTED UPON DISSOLUTION OF PARTNERSHIPS; PETITION; AFFIDAVIT:—Upon the dissolution of any solvent or insolvent copartnership, having assets in the State of Delaware,

and upon petition to the Chancellor of the State of Delaware, of any partner or of any surviving partner of such copartnership, or the legal representative of any deceased partner, setting forth that they are not able to agree upon a method of winding up the affairs of such copartnership or that there is danger of the assets of such copartnership being wasted by or inequitably distributed among the creditors of such copartnership, the Chancellor shall appoint a Receiver, or Receivers and manager for such copartnership. Such petition shall be accompanied by the affidavit of one or more of such petitioners, that the statements therein contained, so far as they relate to the acts of the said petitioners, are true, and so far as they relate to the acts of any other person, are believed to be true."

[*Paragraph* 3399. *Sec.* 11. This paragraph sets forth the powers of the receiver.]

[*Paragraph* 3400. *Sec.* 12. This paragraph deals with the discharge of the receiver.]

"PARTNERSHIPS—Article 3
"Deceased Partner's Interest

"3401. Sec. 13. SURVIVING PARTNER; STATEMENT OF; WHEN FILED; BOND; FORM; WHEN PAYABLE; EXTENSION OF TIME:—Whenever any partner or member of any firm or copartnership existing within the State of Delaware shall die, it shall be the duty of the surviving member or members thereof, within the space of thirty days after the decease of such partner, to appear before the Register in Chancery of the County, in which the principal office of such firm or copartnership is located, and to file in the office of said Register in Chancery a written estimate of the value of the assets of such firm or copartnership, and to give bond to the State of Delaware, with proper surety, in an amount equivalent to such estimate; * * *."

[There is then set forth the language of the bond and provisions dealing with the time when it shall be payable.]

"3402. Sec. 14. INVENTORY AND APPRAISEMENT; ADDITIONAL BOND:— It shall be the duty of the Register in Chancery, before whom such surviving partner or partners shall have appeared, and after they shall have filed the written estimate of the value of the assets of the firm, as hereinbefore provided, to appoint two just and impartial men as appraisers, whose duty it shall be to inspect the goods and chattels and such other property as shall constitute the assets of the firm, and to examine all books and accounts of such firm, and to make and file in the office of the Register in Chancery, within thirty

days from the date of their appointment, a true, correct and sworn inventory and appraisement of the assets and also of the liabilities of such firm; and if it shall appear from such inventory and appraisement that the estimate theretofore filed by the surviving partner or partners as aforesaid was incorrect and deficient, the Register shall require such surviving partner or partners to enter into additional bond.

"3403. Sec. 15. FAILURE OF SURVIVING MEMBER TO COMPLY WITH LAW; NOTICE TO; RECEIVER WHEN APPOINTED; POWERS OF:—Upon the failure of the surviving member or members of any copartnership to comply with the provisions of Section 13 of this Chapter, the Register in Chancery shall, upon application to him for that purpose by any person having an interest in the estate of such deceased partner as heir, devisee, or otherwise, send a written notice to such surviving member or members, summoning them to appear before him at his office, on a day designated therein, and show cause of their failure to comply as aforesaid; and if such surviving members shall fail to appear on that day, or if after appearance they shall fail to show a good and sufficient cause for their former failure to comply, the Chancellor shall upon application made by any person having an interest in the estate of the deceased partner appoint a receiver, who shall proceed to close up and settle the business of such copartnership; said receiver shall be subject to all the provisions of existing laws in regard to receivers."

[*Paragraph* 3404. *Sec.* 16. Deals with acquittance upon settlement of partnership affairs.]

[*Paragraph* 3405. *Sec.* 17. Excludes partnerships having certain articles providing for settlement of deceased member's shares from operation of foregoing Paragraphs.]

"PARTNERSHIPS—Article 4
"Remedies For Wrongful Acts of Partners

"3406. Sec. 18. CONVERSION OF MONEY OR PROPERTY BY PARTNER; REMEDIES; AT LAW; PROCEDURE; ATTACHMENT; HOW LONG IN FORCE; EXECUTION; IN EQUITY:—Whenever any partner, during the partnership or after the termination thereof, collects or receives moneys, chattels, or debts belonging, or which formerly belonged, to the partnership firm, and wrongfully appropriates or converts the same to his own private use, and upon a demand made, refuses to turn over to the other partner, or partners, his or their share thereof, the partner or partners thus wronged may jointly or severally have an action

at law, or suit in equity, for his or their share of the same, against said wrong doing partner, in the manner following: * * *

"B. Suit in Equity: He may file a bill in Chancery, as in the manner above prescribed, and thereupon a restraining order shall issue, restraining the said wrong doing partner, or his agents, from in any manner disposing of said moneys and goods, and from collecting any indebtedness due him; and likewise restraining any one owing money to the said partner, in any manner whatsoever, as above set out in the action at law, from paying the same to him until the final determination of said suit in equity."

*Paragraphs* 3401-3405, inclusive, relate only to partnerships dissolved by the death of a partner. The general purpose of these paragraphs would appear to be to provide security for the protection of the deceased partner's estate and for creditors of the partnership, since under the common law rule a surviving partner is apparently entitled to exclusive possession of the partnership property.

*Paragraph* 3403 provides for the appointment of a receiver only in case of a failure by the surviving partner to comply with *Paragraph* 3401, which deals with the filing of an estimate as to the value of the assets and the giving of a bond in that amount. *Paragraph* 3403 does not provide for a receiver in the event there is a default under *Paragraph* 3402, which provides in part that the Register in Chancery shall require additional bond if the inventory and appraisal filed by the appraisers appointed by him indicate that the estimate fixed by the surviving partner was incorrect and deficient. Thus, while the bill alleges a violation of *Paragraph* 3402, it does not allege a violation of *Paragraph* 3401, and since a receiver may only be appointed under *Paragraph* 3403, for a violation of *Paragraph* 3401, the court cannot appoint a receiver under this statutory power, even assuming that this complainant would otherwise have been entitled to invoke the aid of the statute.

The right to apply for the appointment of a receiver under *Paragraph* 3398 is limited to "any partner or * * * any surviving partner of such copartnership, or the legal

representative of any deceased partner".[3]  Since the provision for the appointment of a receiver under this paragraph is worded in apparently mandatory language, I feel that the language of the paragraph should be construed to render it available only to those persons who are clearly identified in the statute.  This is particularly so because of the drastic nature of the remedy.  Since the complainant does not fall within any of the classifications of those entitled to invoke the provisions of the paragraph in that he is only seeking to assert a derivative right, he is not entitled to the appointment of a receiver under this paragraph, even assuming that the other requirements of the paragraph have been met.

Complainant also asks for injunctive relief under *Paragraph* 3406 of the *Code*.  This paragraph is limited to granting injunctive relief to "any partner".  Nothing in the language employed indicates that this would permit the exercise of a derivative right, since, even unlike *Paragraph* 3398, it does not provide for relief in favor of an executor or an administrator of a deceased partner.  Indeed, from a reading of the various paragraphs of the *Code* dealing with partnerships, it is not apparent that *Paragraph* 3406 is intended to apply where a partnership has been dissolved by death.

Complainant's right to maintain this cause of action must, therefore, be tested apart from the statutory provisions relied upon by complainant.  This is an action by an heir-at-law of a deceased partner against the administrator of the deceased partner's estate and also against the surviving partner, seeking the appointment of a receiver, certain injunctive relief, an accounting, and a decree that the estate of the deceased partner is entitled to a one-half interest in the partnership assets and undistributed income.

---

[3] Some question is raised as to complainant's right to rely on this Paragraph, but I shall consider it since it could be included, if necessary, by way of an amendment to the bill.

Certainly, in a proper case, the right to have such relief existed and still exists apart from statute.

Since it is the duty of an executor or administrator to collect and protect the assets of the estate, it follows that ordinarily the executor or administrator of a deceased partner's estate would be the only one permitted to maintain an action against a surviving partner to procure the full interest due the estate. 40 *Am.Jur., Partnership,* § 306; *cf. Warner v. Allee,* 1 *Del.Ch.* 49. However, the courts make an exception where it appears that fraud or collusion exists between the executor and the surviving partner, or where there is danger of irreparable loss, or where the circumstances warrant the conclusion that the executor may not press the matter adequately. *Rosenzweig v. Thompson,* 66 *Md.* 593, 8 *A.* 659; *Harrison v. Righter,* 11 *N.J. Eq.* 389; *Mason v. Hicks, et al.,* 76 *Vt.* 287, 56 *A.* 1011; *Valentine v. Wipor,* 123 *Ind.* 47, 23 *N.E.* 1076, 7 *L.R.A.* 788; *Buchanan v. Buchanan,* 75 *N.J.Eq.* 274, 71 *A.* 745, 22 *L.R.A.* (*N.S.*) 454, 138 *Am.St.Rep.* 563, 20 *Ann.Cas.* 91; 40 *Am.Jur., Partnership,* § 306. The enumerated exceptions are not intended to be exclusive.

We must now ascertain from the pleadings whether or not there are allegations in the bill which would call for the application of the exception to the general rule which otherwise precludes the complainant from maintaining this action.

It is unnecessary to decide now whether something more than a mere refusal by an executor or administrator to sue is required, 22 *L.R.A.* (*N.S.*) 458 *n.,* since the allegations of the bill, fairly read, show not only what amounts to a refusal to sue, but additional circumstances which justify the court in considering the case as one involving the exception to the general rule. Since the matter arises on demurrer, the pertinent factual allegations are here taken to be true. I shall set forth the facts which I feel justify

the court in treating this case as an exception to the general rule.

Complainant has demanded that the administrator bring an action against the surviving partner to remedy certain alleged grievances, but the administrator has, in effect, refused to do so. While many alleged wrongful acts are set forth in the bill in general terms, the following facts do appear:

(1) The surviving partner has asserted that there were five partners, and that all are entitled to share, in stipulated percentages, in the partnership property. Complainant contends there were only two partners. Moreover, the partnership paper filed with the Prothonotary pursuant to statute on February 18, 1937, but signed only by the now deceased partner, indicates that there were only two partners. Other evidence to the same effect appears in exhibits which were made part of the bill of complaint. The administrator (but not the administratrix) is one of the persons who the surviving partner says was also a partner entitled to receive a percentage of the partnership assets, although he was not one of the original and registered partners. The other alleged partners are relatives of the surviving partner.

(2) The surviving partner has continued to operate the partnership business, to use partnership assets and to incur liabilities on behalf of the partnership.

(3) The surviving partner has appropriated and will continue to appropriate partnership property to his own use.

(4) The surviving partner failed to comply with either *Paragraph* 3401 or *Paragraph* 3402 of the *Revised Code of Delaware* 1935. Partial compliance was forced on him by complainant and not by the administrator . Upon filing his "estimate of the value of the assets", he failed to file a bond in "an amount equivalent to such estimate" as is required

by *Paragraph* 3401. Subsequently, when the report of the appraisers valued the partnership assets at $35,123.83 (net worth)[4] the surviving partner failed to file the additional bond required under *Paragraph* 3402 of the *Code*. Instead, having concluded that the appraisers improperly included certain items as partnership assets, he deducted from the net appraised value the appraised value of the assets he thought were improperly included, and then gave a bond equivalent to the resulting amount. At about the same time, the surviving partner filed exceptions to the items which he questioned. The administrator took no action against the surviving partner.

Are these facts sufficient to warrant the conclusion that the administrator's conduct and position are such that he may not adequately assert the estate's claim against the surviving partner? Viewed cumulatively, I believe the facts so demonstrate at the demurrer stage. Let us examine these facts.

The fact that the surviving partner takes a position inconsistent with a statement in a public record as to the number of partners is important because, if true, it has the effect of reducing the interest of the deceased partner's estate in the partnership assets. When this is coupled with the fact that the administrator is one of those additional partners, it becomes apparent that his personal interest is in conflict with his interest as administrator. In the nature of things, he can hardly be expected to contend with the utmost vigor as administrator that he individually is not entitled to share as a partner.

The surviving partner has continued to operate the business, and since there has been no settlement of the partnership affairs, he is subjecting the interest of the deceased partner to possible liability. See *Warner v. Allee, supra.*

---

[4] Since the point has not been raised, I shall not decide whether net worth or gross worth should have been used in determining the amount of the bond.

Even though this is so, the administrator apparently has taken no legal steps to protect the estate. Moreover, the surviving partner is using partnership assets, apparently without regard to the interest of the estate of the deceased partner.

Finally, the administrator has taken no steps to make the surviving partner comply with the mandatory requirements of *Paragraphs* 3401 and 3402 of the *Code*. Even after the complainant forced a partial compliance, the administrator took no steps to secure a full compliance with the statutes.

The facts, here taken to be true, hardly justify the conclusion that the administrator has protected or will adequately protect the estate of the deceased partner and, consequently, the interest of the complainant and the other heirs-at-law. The fact that an administrator may be removed or that he has given bond is not sufficient to warrant denying the complainant aid in this case. See *Barwick v. White,* 2 *Del.Ch.* 284; *Trotter, et al., v. Mutual Reserve Fund Life Ass'n., et al.,* 9 *S.D.* 596, 70 *N.W.* 843, 62 *Am.St.Rep.* 887. I conclude that the allegations of the bill are sufficient to permit complainant to maintain this action. See *Patton v. Gregory,* 21 *Tex.* 513. Consequently, the demurrer must be overruled.

There is no merit to the surviving partner's third ground of demurrer to the effect that the court lacks jurisdiction because complainant seeks only an accounting. See 4 *Pomeroy's Equity Jurisprudence,* (5th *Ed. Symons*) § 1421.

We come now to the plea filed by the administrator in which it is denied that he has refused to file suit against the surviving partner. Since we are only concerned with the sufficiency of the plea, it must be decided whether an heir-at-law should be required to make demand on the administrator before filing what amounts to a derivative action.

Since the cause of action set forth in the bill would normally be brought only by the administrator, it seems not unreasonable to require an heir-at-law seeking to enforce a right primarily belonging to the administrator to allege a demand on the administrator to bring suit and a refusal so to do (or its equivalent). See *Nelson, et al. v. Nelson,* 29 *Ky.Law Rep.* 885, 96 *S.W.* 794; *Schultz v. Cookingham,* 30 *Hun.N.Y.,* 443; *Patton v. Gregory, supra.* While the bill alleges what I have construed to constitute a demand on and refusal by the administrator, nevertheless, the plea filed by the administrator denies that he refused to file suit. The plea is, therefore, legally sufficient.

Since it is not relied upon by complainant, I need not decide whether these or some other circumstances would warrant this court in concluding that a demand was unnecessary because of its obvious futility.

The second ground set forth in the plea does not present a legally sufficient defense.

We come finally to the complainant's motion for a receiver *pendente lite* pursuant to *Paragraphs* 3398 and 3403 of the *Code.* I have previously held in this opinion that this complainant has no status to invoke the aid of *Paragraph* 3398, and I have also held that the allegations of the bill fail to show any ground for the appointment of a receiver under *Paragraph* 3403. It necessarily follows, therefore, that the motion for a receiver *pendente lite* made pursuant to these paragraphs must be denied. The right to a receiver in the absence of these statutes is not here involved.

An order accordingly will be advised.