**Marcella S. HALSTEAD, Appellant,**

v.

**John SPRY et al.**

**No. 22189.**

United States Court of Appeals District of Columbia Circuit.

Argued March 17, 1969.

Decided July 22, 1969.

Mr. Edgar T. Bellinger, Washington, D. C., for appellant. Messrs. J. Sterling Halstead, New York City, and Julian B. Heron, Jr., Chevy Chase, Md., also entered appearances for appellant.

Mr. Richard A. Fitzpatrick, Washington, D. C., for appellees. Mr. Walter E. Gillcrist, Washington, D. C., entered an appearance for appellee, Gillcrist, Administrator, etc.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and ROBINSON, Circuit Judge.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

Elizabeth Jepson Spry died in 1945, while domiciled in Chicago, Illinois. She was survived by three children, Elizabeth Spry, now deceased, John Spry, an appellee herein, and Marcella S. Halstead, the appellant. Elizabeth Jepson Spry, the mother, was intestate, and there was no administration of any estate she may have left. Elizabeth Spry, the daughter, died in 1965, also intestate, and her estate is in administration in the District of Columbia.

In 1968, appellant filed a complaint in the District Court which, as amended, alleged that Elizabeth Spry had "fraudulently, with intent to deprive [appellant] of her lawful inheritance," converted personal property owned by Elizabeth Jepson Spry at death,[1] and that the conversion was concealed from appellant until after Elizabeth Spry's death in 1965. The complaint further alleged that Jean Spry Bordley,[2] another appellee, became aware of the conversion, and collaborated with Elizabeth Spry in the concealment and participated in the enjoyment of income from the converted assets. The action sought damages and an accounting[3] of all property of Eliza-

beth Jepson Spry which allegedly had been usurped or which had been purchased with the fruits of the alleged usurpation.[4]

Appellees moved for dismissal of the complaint, and the District Court granted the motion solely on the ground that appellant was not the proper party to sue on the cause of action pleaded. "[S]uch a cause of action, if it exists, can be asserted," the court said, "only by the personal representative of Elizabeth Jepson Spry." The court reasoned that "[u]nder the circumstances, the [appellant's] remedy, if any, is to bring an appropriate proceeding in a proper jurisdiction for the appointment of an administrator of the estate and the cause of action here sought to be asserted should be asserted by the administrator when appointed."[5]

It is undoubtedly true, as a general proposition, that a suit seeking recovery of a decedent's personalty can be brought only by the personal representative of the decedent's estate.[6] The rights of beneficiaries and creditors of the estate and the interest in orderly administration of the decedent's worldly goods are best served by such a requirement. The rule, however, is not absolute,[7] and the considerations supporting it exert little weight where, as is alleged here, the facts connoting fraudu-

1. According to the complaint, Elizabeth Spry lived with her mother in Chicago until the latter's death and later moved into the District of Columbia, wherein she was domiciled at the time she died.

2. We understand from appellees' brief that this party is the daughter of John Spry.

3. The complaint also requested the appointment of an administrator *ad colligendum bona defuncti* to collect the assets in the District of Columbia allegedly belonging to the estate of Elizabeth Jepson Spry. See note 13, *infra*, and accompanying text.

4. The complaint named as defendants John Spry, son of Elizabeth Jepson Spry and her only living distributee other than appellant; Jean Spry Bordley, the alleged coactor with Elizabeth Spry; and the administrator of the estate of Elizabeth

Spry. All are residents of the District of Columbia, and are appellees herein.

5. See note 13, *infra*.

6. Wright v. Holmes, 100 Me. 508, 62 A. 507, 508 (1905) (savings bank deposits); Morris v. Vyse, 154 Mich. 253, 117 N.W. 639, 641 (1908) (money); Richardson v. Cole, 160 Mo. 372, 61 S.W. 182, 183 (1901) (notes and bonds); Buchanan v. Buchanan, 75 N.J.Eq. 274, 71 A. 745, 746–749 (1909) (thorough discussion of rule and exceptions).

7. See Trincia v. Testardi, 30 Del.Ch. 42, 52 A.2d 871, 877 (1947); Anderson v. Goodwin, 125 Ga. 663, 54 S.E. 679, 682 (1906); Turk v. Grossman, 176 Md. 644, 6 A.2d 639, 652 (1939); Neimaseck v. Bernett Holding Co., 125 N.J.Eq. 284, 4 A.2d 794, 797 (1937).

lent conversion and concealment of the property are uncovered many years after the decedent's death, and the converted assets or their fruits have supposedly been removed to a locality far distant from the place of the decedent's domicile at death.

In Nunnally v. Wilder,[8] we dealt with a roughly parallel situation. There the executor of a decedent administered and closed the estate without asserting a claim of the estate against a debtor. We held that the sole surviving residuary legatee could institute an action for recovery of the debt. We recognized the general principle that only the personal representative of the estate can sue to collect debts owed the estate,[9] but favored an exception after close of the estate and discharge of the personal representative.[10] We elucidated:

> The reasons which call for an independent administrator have, for the most part, disappeared by the time the exception comes into play. The creditors have been discovered and satisfied; cost of handling the estate has been determined and paid; and the order of distribution of the residuary estate has been determined and the respective sums paid. There is little danger of a fraud on the estate. Moreover, the expense of appointing a new administrator and his costs and

fees can be avoided. In short, there seems to be no good reason why the plaintiff, as the sole existing residuary legatee of the estate, should not be permitted to assert a claim which the * * * executor could have brought.[11]

We reach a similar conclusion here. There never was an adminstrator for Elizabeth Jepson Spry, who died more than 20 years prior to the time at which appellant states she first came by the information that precipitated this controversy. Appellant would also have us understand that whatever assets her mother left in Chicago at death were converted and brought into the District of Columbia by appellant's now deceased sister. We think it highly unlikely that claims of the mother's creditors, if any, could have survived so long, and it appears that all other interested parties are joined in the litigation.[12] In any event, the District Court, in the exercise of its broad equitable powers, is in position to make appropriate orders for the protection of creditors and distributees if need therefor should ever arise. We hold at this juncture [13] that, in the circumstances disclosed, appellant has standing to maintain the action she brought,[14] and is entitled to an opportunity to prove her allegations.

---

8. 117 U.S.App.D.C. 377, 330 F.2d 843 (1964).

9. *Id.* at 382, 330 F.2d at 848.

10. *Id.*

11. *Id.*

12. See note 4, *supra*, to which we add that the complaint does not allege, and neither side suggests, that Elizabeth Spry was survived by distributees of her own other than appellant and John Spry.

13. Appellants have also argued in this court, as they did in the District Court, that appellant's action was barred by the statute of limitations and laches. At the hearing on appellees' motion to dismiss, the District Judge questioned the propriety of entertaining those claims on such a motion, limited as it is to matters developed on the face of the complaint. *See, e. g.,* Collins v. Hardyman, 341 U.S.

651, 652, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Dollar v. Land, 81 U.S.App.D.C. 28, 30, 154 F.2d 307, 309 (1946), aff'd 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). The judge offered to continue the proceedings to enable appellees to suitably present and appellant to oppose those defenses, but appellees chose instead to rely upon the motion to dismiss. The District Judge ultimately based his disposition of that motion exclusively on the ground that appellant lacked standing to maintain the action, and accordingly did not reach additional contentions, and on this appeal neither do we. Nor do we also find it necessary to consider at this point any question relating to appellant's request for appointment of an administrator in the District of Columbia for the estate of Elizabeth Jepson Spry. See note 3, *supra*.

14. Compare the cases cited *supra* note 7.

The judgment complained of is reversed, and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.

Reversed.